GIBBON FARMERS ELEVATOR COMPANY v. JOHN HERSCHMANN.[1]

October 10, 1924.

No. 24,114.

**Verdict sustained.**

1. The evidence considered as a whole supports the verdict.

**To obtain new trial defeated party must have been actually prejudiced by admission of evidence.**

2. The admission of evidence which should have been rejected must have actually prejudiced the excepting and defeated party to give him a right to a new trial.

**Evidence not prejudicial.**

3. A discharged employe of the plaintiff was a witness for defendant and on cross-examination was asked whether he had been sued by plaintiff. Over objection, he answered that he had. *Held* that in the absence of any inquiry or showing as to the state of feeling of the witness toward plaintiff, the evidence was immaterial but not prejudicial to defendant.

**Charge to jury.**

4. The instructions were not likely to divert the jury's attention from the real issue in the case or to lead them to believe that the probability or reasonableness of defendant's testimony was in issue and should be determined.

Action in the district court for Sibley county to recover a balance of $400.83 for goods sold. The case was tried before Tifft, J., and a jury which returned a verdict in favor of plaintiff. From an

[1]Reported in 200 N. W. 293.

order denying his motion for a new trial, defendant appealed.   Affirmed.

*Young & Quandt,* for appellant.

*T. O. Streissguth,* for respondent.

LEES, C.

Plaintiff sued on an account for goods sold.   The defense was that payment had been made by the delivery of a tractor to plaintiff. The jury found against defendant.   A new trial was denied and he has appealed.

1.   The one issue in the case related to the terms of the agreement under which defendant made delivery of the tractor.   Defendant introduced evidence showing that plaintiff's manager offered to allow him to order machinery from its stock to the amount of $400 and to accept the tractor in payment therefor and that it was delivered in acceptance of the offer.   Plaintiff's evidence tended to show that it agreed to take the tractor for sale for defendant; that it attempted to sell it for him but was unsuccessful and then returned it to him.

It is urged that the evidence will not support a verdict in plaintiff's favor.   Its former manager, with whom defendant dealt, was not always consistent in his testimony.   By selecting certain portions of it, it can be made to appear that he virtually admitted that the transaction occurred as defendant said it did, but his testimony, read as a whole, together with some circumstances which lend support to plaintiff's contention with respect to the terms of the contract, warranted the jury in finding in plaintiff's favor.

2.   Many assignments of error are directed at rulings admitting evidence over defendant's objection.   This court has never followed the rule, fast becoming obsolete in most jurisdictions, that an erroneous ruling respecting the admission of evidence creates per se a right in the excepting and defeated party to a new trial.   The scope of the principle that harmless error is not ground for a new trial is gradually being widened.   As applied to the admission of evidence which should have been rejected, it does not give the defeated party the right to insist upon a new trial unless it is appar-

rent that he was actually prejudiced. Whitaker v. Chicago, St. P. M. & O. Ry. Co. 115 Minn. 140, 131 N. W. 1061; Salo v. Duluth & I. R. R. Co. 121 Minn. 78, 140 N. W. 188; Moe v. Paulson, 128 Minn. 277, 150 N. W. 914. Without holding that evidence was received which should have been excluded, we do hold that the rulings complained of were not prejudicial, to the defendant. The application of the doctrine of the cases cited disposes of all of the assignments of error relating to the admission of evidence except one, which is worthy of special mention.

3. One of plaintiff's former employes was a witness for defendant. On cross-examination he admitted that plaintiff had discharged him. He was then asked whether plaintiff had not sued him on an account for money due and owing. Over defendant's objection, he was required to answer. His answer was: "We did have a case and it's about the same case as this." In response to another question, he said the case had been settled for less than the amount for which suit was brought. In Wischstadt v. Wischstadt, 47 Minn. 358, 50 N. W. 225, it was ruled that, to discredit a witness by showing hostility to the party against whom he testified, it is necessary, when ill-will is denied, to prove some act or declaration of the witness indicating animosity, and that it is not proper to prove only that he had been sued by the party seeking to discredit him. Here the witness was not asked as to the state of his feeling toward plaintiff. The jury might infer that he was unfriendly. It would seem that under the doctrine of the Wischstadt case the plaintiff should have gone further with its proof. But we are of the opinion that the doctrine that error without prejudice is not ground for a new trial is applicable here. In view of the late decisions to which we have called attention, it cannot be said that there was any infringement of defendant's right to a fair trial. How could his case be prejudiced in the eyes of the jury by proof of the fact that one of his chief witnesses had been discharged and sued by the plaintiff? This proof may have detracted from the credit of the witness. Defendant did not ask him whether his attitude toward plaintiff was the same after as it was before he was

discharged and sued. If the question had been asked and he had answered in the negative, the jury might properly regard his testimony as that of a witness prejudiced against the plaintiff. If he had answered in the affirmative, the jury might have doubted his candor and scrutinized his testimony more closely. But in either case their determination of the real issue in the case would be influenced little or not at all.

4. After instructing the jury that defendant had the burden of proving the truth of his claim and that they were to consider all the testimony, the court said:

"Would it be likely that a contract such as he (defendant) claims was made, or would it be unlikely? Which is the more probable, taking into consideration all the facts and circumstances? * * * Where is the truth of this matter? What are the real facts? And as soon as you have determined the facts then * * * it is easy to write your verdict."

There is other language in the charge of the same general nature, and, basing some of his assignments of error upon it, defendant insists that he has a right to a new trial for error in the instructions such as was pointed out and condemned in State v. Hutchison, 121 Minn. 405, 141 N. W. 483. We are unable to sustain this contention or to hold that the jury would understand from the language used that, unless they were satisfied that defendant's account of the transaction was reasonable, they must return a verdict for plaintiff. They were told that the question to be determined was whether it was true that the contract under which defendant made his claim was actually made and that he had the burden of proof as to that. It does not seem possible that they could have understood that the issue was whether defendant's testimony was reasonable or unreasonable, probable or improbable. A mere comparison of the language of the instructions given in State v. Hutchison and the language of those given in the present case is sufficient to demonstrate that the Hutchison case is not in point.

Order affirmed.