# INGEBORG O. DRAXTEN v. MARY J. BROWN AND OTHERS.[1]

June 19, 1936.

Nos. 30,756, 30,757.

[1]Reported in 267 N. W. 498.

512

*Sweet, Johnson & Sands,* for appellants.
*Olof L. Bruce* and *L. F. Schreiner,* for respondent.

HOLT, JUSTICE.

A collision between two automobiles at a street intersection in which the plaintiff minor, a guest passenger in one of the cars was injured, resulted in these two actions against the owners and drivers of the two cars, the one for the injuries to the minor; the other by the mother for damages resulting to her for loss of the services of the minor and for expenses connected with the care and treatment of the minor for the injuries sustained. The minor, Pearl Draxten, 15 years old, a neighbor of defendant Mary J. Brown, was invited by the latter to go with her and her children to a play at the North High School of Minneapolis on the evening of December 13, 1933. Mrs. Brown's car was a Ford coach. Her daughter, the defendant Helen Brown, 26 years old, was the driver. Leaving the school building at about 10:30 p. m., they entered the car, parked near the south curb on Eighteenth avenue north, a few feet east of Girard avenue, Pearl in the rear seat with the two young sons of Mrs. Brown, and Helen and Mrs. Brown in the front seat, and drove east to cross Fremont avenue, which runs north and south, a through street. As they entered the intersection defendant Mrs. Goldie, in her Chevrolet coach, driving north on Fremont avenue, struck the Brown car between the front and rear wheels. Mrs. Brown received a fractured clavicle, and Pearl Draxten the injuries for which she claimed damages. The negligence alleged against the drivers of both cars is minutely specified such as excessive speed, failure to keep a proper lookout and proper

control, failure to heed stop signs and yield the right of way. Fremont avenue being a through street, there were stop signs on either side thereof on Eighteenth avenue. The corner between the two cars was open and unobstructed so that approaching it either from the west or from the south, as did the two cars on the evening in question, the drivers could see the oncoming car of the other when either car was within 100 feet of the intersection. There was no excuse for a collision of the two cars at the time or place. It was due to the negligence of one or both of the drivers. The plaintiff Pearl, on the record, was free from any negligence that contributed to her injury. The two actions were tried together, and a verdict in each case returned against the defendants Mary J. Brown, Helen Brown, and Bessie Goldie. The Browns appeal from the orders denying their motions in the alternative for judgment notwithstanding the verdicts or a new trial.

The assignments of error challenge (a) the denial of judgment *non obstante,* (b) certain rulings on the admission of evidence, (c) a sentence in the charge, and (d) the excessiveness of the verdicts.

The defendants Brown were not entitled to directed verdicts nor to judgments notwithstanding the verdicts. There is testimony that their car did not come to a stop in obedience to the stop sign before entering Fremont avenue. And it was also a question for the jury whether or not Helen Brown used due care in ascertaining the approach and speed of the Goldie car when proceeding across the intersection.

On the trial there were X-rays introduced showing fracture of the rami of the left pubic bone of Pearl Draxten as the same appeared December 15, 1933, two days after the accident, and also as the same appeared on April 30, 1935. It was claimed on behalf of Pearl that the bone had turned so that the concave side thereof faced the outside instead of the inside of the body, thus narrowing or somewhat deforming the opening into the pelvis. As illustrating the change, like X-rays of these bones and the pelvic ring of a female two years older were received in evidence over the objection of defendants. We see no error in the ruling. These X-rays were

offered and received merely to illustrate the appearance of the bones in the pelvic ring of a female who had had no fracture of any bone therein. The hospital chart of Pearl was in court and duly identified by her attending doctor, and he was interrogated as to her temperature and pulse. In so doing the court, over defendants' objection, permitted the doctor to refresh his memory from the chart. Complaint is now made that the chart was not offered in evidence. Defendants expressed no desire to have it introduced. The doctor testified that he always took the pulse when he attended her and that he did not take the temperature; but could estimate the temperature from the pulse rate of his patients. He further stated that Pearl's pulse varied from 60 to 80 beats a minute, and her temperature from 102 degrees to 97.4 degrees. No prejudice could have resulted to defendants from this testimony. But that aside, we think a hospital chart duly identified by the doctor who attends a patient as the one made by the nurse in charge may be used by the doctor to refresh his recollection just as properly as are received in evidence any records identified and kept in the business of a railroad or of any large institution requiring records of transactions as they occur. There is no parallel between the hearsay reports of police officers and hospital charts kept by an attending nurse for the information of the physician in charge of the patient. The case of Duffey v. Curtis, 193 Minn. 358, 258 N. W. 744, is not in point.

Error is assigned upon this sentence in the charge:

"Every driver is, however, required to exercise reasonable care to avoid a collision, and if it is apparent that if they both proceed that the collision is imminent, then it becomes the duty of the one on the left to yield the right of way, and if, under the facts, the situation and circumstances then existing, the drivers of the motor vehicles at that intersection, approaching and entering it, failed to observe this statutory provision, that is negligence."

This sentence is faulty and in a measure conflicts with the provision of this statute, read to the jury just before:

"The driver of any vehicle or street car traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder." 2 Mason Minn. St. 1927, § 2720-18.

The majority of the court consider the challenged sentence prejudicial to defendants Brown. The jury could on this record have found that defendant Goldie, by unlawful speed, had forfeited the right of way the statute gave her over the intersection, but by the sentence objected to Goldie was restored to the right of way, and the Brown car was required to yield to her although the jury could find that that car had entered the intersection first and after having stopped in obedience to the stop sign. In other words, when the collision became imminent the Browns were charged with negligence if they failed to yield the right of way to Goldie, who, the jury could find, had forfeited it. When a collision appeared imminent it was the duty of each driver to do all within her power to avert it. The exception taken by the attorney for the Browns in these words: "and, third, charging the jury that if a collision is imminent it is the duty of the vehicle to the left to yield the right of way," sufficiently calls attention to the error of the sentence assailed on the motion for a new trial and on this appeal.

Since there must be a new trial for the error just discussed, the amounts of the verdicts need not be considered.

The orders are reversed and a new trial granted in both actions.

JULIUS J. OLSON, JUSTICE (dissenting).

The primary purpose of all courts functioning judicially is to see that justice prevails. That is why courts are rapidly falling into line with the statutory requirement that we should "disregard all errors or defects in the pleadings and proceedings which do not affect the substantial rights of the adverse party." 2 Mason Minn. St. 1927, § 9285; 1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 416, 424. See also Gibbon Farmers Elev. Co. v. Herschmann, 160 Minn. 326, 200 N. W. 293. Dean Wigmore's article "Reversible Error," 19 Journal of Am. Judicature Society, 28, is interesting and instructive.

I am assuming that the premise laid is sound. If that be so, the important question to be considered is whether the challenged instruction, found to be reversible error by the majority, is such as to justify the belief that the same resulted in harm to defendants.

The court in instructing the jury upon this phase of the case read 1 Mason Minn. St. 1927, § 2720-18:

"The driver of any vehicle or street car traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

Immediately thereafter the court delivered that portion of the charge which the majority finds fatally faulty. The court then proceeded thus:

"Now, if you find at the time and place of the happening of this accident the defendant Helen Brown, while so driving and operating her automobile in an easterly direction on Eighteenth avenue, brought the same to a full stop before she entered the intersection, then the said Helen Brown had the same right with respect to entering and driving upon said intersection that she would have if it were not a stop street and if she entered said intersection before the car then and there being driven by Bessie Goldie, then the said Helen Brown had the right of way in said intersection, if she entered it first. * * * Now, stop signs do not require cars to enter the arterial or through streets at their peril, but only to exercise ordinary care with regard to the traffic on the street before entering thereon. The operators of cars upon through streets, like on Fremont avenue, are bound to operate them with reasonable care as to the traffic entering from the side streets. Now, the driver of each automobile * * * had the right to assume, until the contrary appeared to them, that the operator of the other automobile would operate that car with the care ordinarily displayed by a reasonably prudent person and that she would comply with the regulations and laws applicable to the use of the highways at that place and at that time."

The challenged instruction follows very closely, although not with strict accuracy, the language of this court in Gibbs v. Almstrom, 145

Minn. 35, 37, 176 N. W. 173, 174, 11 A. L. R. 27, where this court said:

"The statute does not warrant drivers of vehicles in taking close chances. When a driver approaches a street intersection, if he sees a vehicle approaching from his right, and near enough so that there is reasonable danger of collision if both proceed, then it is his duty to yield the right of way."

Thus it is apparent that if the vehicle approaching from one's right is near enough so that "there is reasonable danger of collision if both proceed, then it is his duty to yield the right of way." It seems to me that this is what the court in substance said to the jury. The moment both drivers violated the statute each forfeited his statutory right of way. From then on each was a wrongdoer. As between them there could be no recovery for injury of one to the other. This, then, would leave them in a situation similar to where there is no statutory rule. The statute was simply out of the picture. Hence, if the charge be technically erroneous, it is clearly harmless. The relative rights and obligations of both drivers would then be governed by common-law rules applicable to negligence cases.

Counsel for defendants say that the rule stated in the Gibbs case was retracted or limited in the later case of Kunz v. Thorp Fire Proof Door Co. 150 Minn. 362, 185 N. W. 376. Mr. Justice Hallam wrote both decisions. In the later decision reference was made to the former, but nothing at all was said disapproving what had been said in the Gibbs case.

The case of Jacobsen v. Ahasay, 188 Minn. 179, 246 N. W. 670, upon which defendants place considerable reliance, is not helpful here. That case turned upon the proposition that the plaintiffs, who were passenger guests in one of the colliding cars at a street intersection, were absolved from contributory negligence. Not to be overlooked is the further fact that the last quoted sentence in the court's charge was therein approved, and authorities cited to sustain it.

Taking the entire record in the light of the charge of the court as a whole, it seems obvious to me that no resulting harm could come to appellants. Both drivers were negligent. The jury so found. The innocent plaintiff suffered serious consequences because of the negligence to which both drivers contributed. Neither has any valid defense as against her. In my opinion, the orders below should be affirmed.

DEVANEY, CHIEF JUSTICE (dissenting).

I subscribe to the dissent of Mr. Justice Olson.

[1]Reported in 267 N. W. 517, 927.