CUNNINGHAM, Plaintiff-Appellant, v. OGRESOVICH,
Defendant-Appellee.

Ohio Appeals, Seventh District, Belmont County.

No. 875.   Decided December 13, 1951.

Thomas F. Joseph, Martins Ferry, for plaintiff-appellant.
Thornburg & Lewis, St. Clairsville, for defendant-appellee.

## OPINION

By PHILLIPS, J.

Plaintiff appealed to this court on questions of law from a judgment of the court of common pleas entered upon a jury verdict returned for defendant in plaintiff's action filed in that court to recover damages for personal injuries sustained by her, allegedly as the result of defendant's negligence in the operation of his automobile, during the season of darkness, on March 30, 1949, on an improved, duly dedicated public highway in Belmont County.

At the time stated plaintiff was walking in a westerly direction on the southerly side of that highway, and defendant was operating his automobile, as he testified in the common pleas court, "not over thirty-five" miles an hour, in an easterly direction on the same side thereof. When defendant observed plaintiff "at least a hundred feet" ahead of his automobile walking toward him on that highway he operated his automobile to the northerly, or his left, side thereof. While so travelling his automobile struck a defect in the highway, which caused it to swerve and to travel diagonally across that highway, allegedly striking plaintiff and injuring her. Thereafter his automobile came to a stop along a bank situated on the southerly side of the highway, about twenty feet from the place "where I left the road," and turned over. At that time plaintiff was approximately twenty-five feet to the west, or rear, of the automobile defendant was driving.

For the purposes of illustration and explanation and "to show us a picture of hypertrophic osteoarthritis" defendant's physician witness, who examined and x-rayed plaintiff for defendant, testified, over plaintiff's objections, from x-ray pictures taken by him of the body of a sixty year old former coal miner.

Plaintiff's physician testified from x-rays of plaintiff's body that she suffered from hypertrophic-osteoarthritis; and defendant's physician testified from x-ray pictures of her body that she did not suffer from hypertrophic-osteoarthritis.

Plaintiff contends that the trial judge erred to her prejudice in permitting defendant's physician to testify from the x-ray photographs of the body of "an unknown" sixty year old former coal miner (a person other than plaintiff), who was suffering from hypertrophic-osteoarthritis at the time such x-ray photographs were taken, for the purpose of illustrating what hypertrophic-osteoarthritis is and what it looks like in an x-ray photograph, and, as he contends, comparing such x-ray photographs of his body with those of her body.

Further plaintiff contends that the trial judge erred to her prejudice in permitting defendant's counsel "to use the x-ray photographs referred to for comparison or illustration purposes during his argument to the jury," and in permitting her counsel in closing argument to refer to such photographs but not use them, the court saying "but it is not in evidence and you can't use it." With reference to that assignment of error her counsel argues:—

"Not only do we find authority which very definitely provides that x-rays similar to the one used for comparison in this case are not admissible, but we find authority that documentary evidence which is not made a part of the record cannot be referred to by a witness when testifying concerning same.

"The court below, in overruling the motion for new trial, stressed the fact that maps, plats, photographs, etc., were used for comparison or illustrative purposes. If such an x-ray, map, plat or skeleton were used for such purpose, then certainly counsel would have the right to refer to such map, plat, etc., during argument."

Finally, plaintiff contends that the trial judge erred to her prejudice in his general charge to the jury in which he said to the jury, among other things:—

"The issues, therefore, in the case are these:

"First (and one of the important issues in the case) is: Did the automobile of the defendant strike the plaintiff? That is an issue in this case which you should first determine. If the automobile did not strike the plaintiff, the sole claim

made by the plaintiff in her petition being that said automobile did strike her, then you need go no further in your consideration of this case and your verdict must necessarily be for the defendant. * * *

"Lawsuits, such as this one, are determined by the jury on the probabilities deduced from the evidence, but it is never permissible to guess. That is to say, if you get to the point where you must decide any issue in this case by the guessing route, then your finding as to that issue should be in favor of the defendant. * * *.

"First, There must be the existence of a duty on the part of the defendant to protect the plaintiff from injury or damage of which plaintiff complains. * * *.

"Now, that Ladies and Gentlemen, disposes of the allegations of negligence. In the event that you find that the defendant was guilty of negligence in one or more of the respects claimed in the petition, then you would go to another issue in this case; but in the event that you should fail to find that the defendant was guilty of negligence in any respect, that would be an end to your deliberations and your verdict must necessarily be for the defendant. * * *

"It is needless to say that if you fail to find for the plaintiff as to any of these issues, that will be the end of your deliberations and your verdict should be for the defendant. * * *

"In the event that you find for the plaintiff, you will write in the amount of your finding. In the event you find for the defendant, the verdict is ready for your signature, except the matter of date. * * *

"The mere fact, standing alone, that plaintiff was injured, if you find it to be a fact, is no proof of negligence whatever, no difference how severe or how slight the damage or injury may have been. It could have been caused without negligence on the part of anyone."

Plaintiff's counsel contends that by such charge the trial judge unduly "emphasized the fact that if certain conclusions were arrived at then they need go no further in their considerations of the case and their verdict must necessarily be for the defendant," which was prejudicial to her and misleading and confusing to the jury.

With reference to the last stated paragraph in the charge of the trial judge plaintiff's counsel contends:—

"Defendant's main contention was that the plaintiff was not struck by the automobile and one of the very important features of plaintiff's case, in proving that she was struck by the automobile, was the fact that she was injured, and had

marks upon her person. This was a most important element for the jury to consider in determining whether or not the defendant was negligent in striking the plaintiff, but the court took this issue away from the jury entirely and instructed them to disregard it."

We support our conclusion that the trial judge did not err to plaintiff's prejudice in the admission of evidence, especially in permitting defendant's physician to testify from x-ray photographs of the body of the sixty year old former coal miner for the purposes he testified—illustration and explanation—by the following authorities cited by the trial judge in his opinion: 17 O. Jur., Sec. 474, page 583; Jones Commentaries on Evidence, Vol. 3, page 2575-6-7; Vol. 4, Sec. 1750-51, pages 3214-15, and the following pages of Jones Commentaries on Evidence; State v. Knight, 43 Maine 11, Bruce v. Western Pipe and Steel Company, 169 Pac. 660; DeMartini v. McDonnell, 58 Pac. 2nd, 170; McIllwain v. Gaebe, 128 Ill. App., 209; Haywood v. Dering Coal Co., 145 Ill. App. 506; Boddington v. Kansas City, 148 Pac. 252; McGrath v. Fash, 139 N. E., 303; Draxten v. Brown, 267 N. W., 498; Torelli v. Eastman Kodak Company, 23 N. Y. S. (2nd) 895; Chicago R. I. and G. R. v. Smith, 197 S. W. 614; and Virginia Railway v. Bell, 87 S. E., 570. "The use of skeletons, charts and diagrams to show the normal structure of the human body was common in trials even before photographs were used," or the photographic science developed. Scott on Photographic Evidence, page 717, Section 795.

Whether defendant's automobile struck plaintiff, as she claims, which claim is not supported by the testimony of any witness other than herself, presented a question for the determination of the jury, which as the trial judge said in his opinion, and in which statement we concur, "might very well conclude from the evidence submitted, the absence of medical testimony by the attending physicians who had treated plaintiff, and the fact that no injuries were apparent upon inspection that the defendant's car did not strike the plaintiff."

In our opinion the evidence submitted to us for review warranted the trial judge charging the jury with reference to it, as he did in the language plaintiff claims was prejudicial to her.

We conclude that the trial judge did not err to plaintiff's prejudice in any of the respects urged by her in her assigned grounds of error.

The judgment of the common pleas court is affirmed.

NICHOLS, PJ, GRIFFITH, J, concur.