# WILHELMINA ROSENAU, ADMINISTRATRIX OF THE ESTATE OF WILLIAM R. ROSENAU, DECEASED v. HANS O. PETERSON.[1]

October 29, 1920.

No. 21,852.

**Highway — right of way at intersection — statute construed.**

1. Subdivision 2 of section 22, chapter 119, Laws 1917, providing that the driver of any vehicle approaching or crossing a street or highway intersection shall give the right of way to any other vehicle approaching from his right, construed and applied.

**Same — ignorance of statute no excuse for its violation.**

2. Ignorance of the rule created by the statute is not a valid excuse for a failure of its observance.

**Same — negligence of driver not excused by rule of the statute.**

3. The rule of the statute is one of convenience and was intended to standardize duties and obligations at intersecting highways and streets, but does not absolve one having the prior right from independent acts of negligence at such crossings.

**Collision of automobiles — both drivers negligent.**

4. On the facts stated in the opinion, it is *held* that both parties are chargeable with negligence contributing to and causing a collision between their respective automobiles at a highway crossing, and that neither can recover from the other.

Action in the district court for Martin county to recover $800 for wrecking plaintiff's automobile. Defendant's counterclaim for injury to his car was dismissed at the trial. The case was tried before Dean, J., and a jury which returned a verdict in favor of plaintiff for $350. From an order denying his motion for a new trial, defendant appealed. Reversed.

*Haycraft & McCune,* for appellant.

*Albert R. Allen* and *Leo J. Seifert,* for respondent.

[1] Reported in 179 N. W. 647.

BROWN, C. J.

There was a collision at a highway intersection between an automobile owned by plaintiff and one owned and operated by defendant, and, on the claim that defendant negligently caused the same, plaintiff brought this action to recover for the damage thereby caused to his automobile. Defendant interposed a counterclaim for damages to his automobile, based on allegations that the collision was caused by the negligence of the driver of plaintiff's car. The trial court dismissed the counterclaim, but submitted plaintiff's cause of action to the jury. Plaintiff had a verdict and defendant appealed from an order denying a new trial.

The assignments of error present several questions, only two of which require special attention, namely: (1) Whether the driver of plaintiff's car was guilty of contributory negligence as a matter of law; and (2) whether defendant was guilty of such negligence as will preclude his right of recovery on the counterclaim. Neither question requires extended discussion. The case is one, in our view of the evidence, in which the negligence of both parties is of such a character as to preclude a right of recovery by either.

1. The highways at the point in question intersect and cross at right angles. Plaintiff's automobile was being driven by his sister and she was in sole control and possession thereof. She was driving west on the highway extending east and west. Defendant was driving his own automobile, and was proceeding south on the highway running north and south. The crossing is a dangerous one, of which both parties were fully informed. The view of the driver of plaintiff's car to the north, as she approached the crossing, was obstructed for a considerable distance by a grove of trees and brush immediately adjoining the highway line, and the same obstruction prevented a view of the road to the east as defendant came on from the north. That condition continued until plaintiff's car passed the line of the north and south road, and until defendant passed the line of the east and west road. Both automobiles reached the crossing at about the same time; the collision occurred in the center of the road. Defendant was approaching from the right of the driver of plaintiff's car and under chapter 119, section 22, p. 164, Laws 1917, had the right of way, a right plaintiff was bound to respect.

That the driver of plaintiff's car was guilty of negligence contributing

to if not the real cause of the collision seems clear. She was approaching a dangerous crossing, the view to the north was obstructed, and she was thereby prevented from observing the approach of automobiles or other vehicles from that direction. She was charged with notice that the law gave those approaching from that direction prior right of passing, and it was her duty to have her automobile in such control as to be in position to check it and prevent just such a collision as here occurred. She was unable to do so and ran directly into defendant's car at the intersection of the traveled part of the road. She may at the last moment have attempted to turn to the left in order to avoid the collision, shown by the fact that her machine was brushed aside by the force of the impact, but she was unable to prevent the accident. She did not know of the statute giving the prior right of passage to defendant. But that is no excuse, the law of the road must be respected and upheld and ignorance thereof will furnish no defense for its violation. And again the situation of the crossing, the view to the north being wholly obstructed, was such as to require the driver of an automobile, in approaching the same, to have his car under such control and be in a position to avoid a collision with approaching vehicles, without regard to the question of the statutory priority of right of way. Any other rule would open the door to a continuation of extreme recklessness in automobile driving, which of late has taken such heavy tolls in deaths and injuries as to cause serious alarm to those who by force of circumstances are compelled to be out and upon our public streets and highways. No tender mercy can be extended to those who carelessly fail in their duty to have in mind the rights of others so situated. The conclusion of negligence on the part of plaintiff is clear.

2. Defendant was fully aware of the character of this crossing; he lived in the community. Although on this occasion he had the technical legal right of way over the crossing, he was under obligation to exercise the right with due regard to the safety of others, and to so approach the crossing as to enable him to avoid unexpected danger to those approaching from the intersecting road. The rule of the statute is one of convenience and was intended to standardize rights and duties at intersecting highways; it does not absolve one having the prior right from independent acts of negligence at such crossings. In this case the evidence makes it clear that defendant did not meet the obligations imposed upon him by

the situation with which he was confronted, in fact, the verdict of the jury against him necessarily is predicated on a finding to that effect. Conditions surrounding and immediately following the collision, make it reasonably certain that he approached and passed over the crossing at a high and dangerous speed. His machine, though struck squarely on the side, was not thrown off the road nor stopped. The speed of his car was of sufficient force and power to brush plaintiff's car aside and to proceed on down the road a considerable distance before coming to a stop. We think on the evidence that he clearly was chargeable with negligence, contributing to the accident, even though he had the technical right of way, and should not be awarded compensation for injuries resulting to his automobile.

While the court below dismissed the counterclaim before trial, and the issues thereby presented were not sent to the jury, the evidence clearly negatives his right to recover thereon, and it would be useless to remand the cause for a trial on that branch of the case. This renders unnecessary a consideration of the question whether plaintiff is responsible for the negligence of his sister in the operation of the automobile under the "family automobile doctrine," as stated and applied in Kayser v. Van Nest, 125 Minn. 277, 146 N. W. 1091, 51 L.R.A.(N.S.) 970, and similar cases.

Order reversed.