## FRANK A. KUNZ v. THORP FIRE-PROOF DOOR COMPANY.[1]

November 25, 1921.

No. 22,497.

**Automobile — right of way at intersection of street when no car in sight.**
Where a traveler, on coming to a street intersection, looks to his right and sees no vehicle approaching, and then proceeds across the intersecting street, he is not, as a matter of law, violating the law which requires him to give the right of way to vehicles approaching from the right.

Action in the municipal court of Minneapolis to recover $600 damages for injuries to plaintiff's automobile caused by the negligence of defendant's driver. The answer interposed a counterclaim for $300. The case was tried before Charles L. Smith, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony denied defendant's motion for a directed verdict and a jury which

Reported in 185 N. W. 376.

returned a verdict for $200. From that part of the order which denied its motion for judgment notwithstanding the verdict, defendant appealed. Affirmed.

*F. H. Durham,* for appellant.

*Cobb, Wheelwright & Benson* and *R. A. Scallen,* for respondent.

HALLAM, J.

This is an action for damages arising out of a collision of automobiles. Plaintiff had a verdict. The court granted a new trial as to the one issue of the responsibility of the defendant for the negligence of the driver of defendant's car. Defendant appeals. The appeal raises one question, namely, whether the court should have granted a new trial of the issue of plaintiff's contributory negligence.

The evidence on behalf of plaintiff is as follows: Plaintiff was driving north on Marshall street, in Minneapolis, and on the right side of the street, at a speed of about 10 miles an hour. When he reached the intersection of Marshall street and Tenth avenue, he looked to the right, but saw no one approaching. He then proceeded across Tenth avenue. While so doing, he saw defendant's car coming from the right at a speed estimated as high as 30 miles an hour or more. To save himself from being struck broadside he turned sharply to the left. Defendant's car struck plaintiff's right rear wheel with such force as to project plaintiff's car against a truck standing on Tenth avenue to the left of the intersection.

We are of the opinion that this evidence sustains a finding that plaintiff was not negligent. In Gibbs v. Almstrom, 145 Minn. 35, 176 N. W. 173, 11 A.L.R. 227, it was held that under chapter 119, § 22, pp. 164, 165, Laws 1917, "when a driver approaches a street intersection, if he sees a vehicle approaching from his right, and near enough so that there is reasonable danger of collision if both proceed, then it is his duty to yield the right of way."

This doctrine was reaffirmed in Syck v. Duluth St. Ry. Co. 146 Minn. 118, 177 N. W. 944; Rosenau v. Peterson, 147 Minn. 95, 179 N. W. 647; Lindahl v. Morse, 148 Minn. 167, 181 N. W. 323. It was, of course, not intended by what was said in the Gibbs case that the mere fact that a driver does not see a vehicle approaching from his right

should in any sense relieve him from negligence, if, under the circumstances, he ought to have seen it. This was made clear in the Syck case, where plaintiff was held negligent in that he did not look to see if a vehicle was approaching from his right.

But where, as in this case, the traveler looks to the right and sees no vehicle approaching, the case is different. Just why plaintiff did not see defendant's car approaching is not made very clear. It may have been obscured by traffic on the street, or it may have been so far away that to one looking hastily, as a driver on a thoroughfare must, it was not observed as presenting "reasonable danger of collision." In either event plaintiff would not be chargeable with negligence as a matter of law. There is nothing to show that plaintiff did not look with as much caution as does the ordinarily prudent traveler. He was not required to stop to look the length of the street, nor to wait for the whole stream of distantly approaching traffic to pass. The evidence was such as to sustain a finding that plaintiff performed his full duty under the right of way statute as construed in the cases cited.

Order affirmed.