ALMA J. CARLSON v. ARTHUR BERNIER AND ANOTHER.
J. G. CARLSON v. ARTHUR BERNIER AND ANOTHER.[1]

January 7, 1927.

Nos. 25,644, 25,645.

**On conflicting evidence finding of jury is conclusive.**

Where testimony made a clear question for jury as to negligence of two automobile drivers whose cars came into collision, and verdicts were not excessive, its findings are conclusive. [Reporter].

Appeal and Error, 4 C. J. p. 858 n. 3.
Juries, 35 C. J. p. 394 n. 34.

See 2 R. C. L. 194; 1 R. C. L. Supp. 433; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. 79; 6 R. C. L. Supp. 73.

Defendants appealed separately from orders of the district court for Ramsey county, Boerner, J., denying their motions for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Bundlie & Kelley,* for appellants.
*F. D. Larrabee,* for respondents.

PER CURIAM.

These two actions arose out of the same accident and the interests of the parties are so akin that the cases were tried together. Plaintiffs are husband and wife. There was a verdict in favor of the husband for $700 and in favor of the wife for $300. From an order in each case denying defendants' motion for judgment or for a new trial, defendants appealed.

Sherman street in the city of St. Paul is 32 feet between curbs, is paved and extends practically north and south. Smith avenue is 40 feet between curbs, is paved and crosses Sherman street at right angles. The wife was driving her husband's automobile north along the east side of Sherman street toward Smith avenue. One of the defendants was driving their Ford sedan west along the north side of Smith avenue toward Sherman street. The defendants' car made a sharp turn to the right as it reached Sherman street and plaintiff's car struck it, damaging the left rear fender. The plaintiff's car swerved to the left across to the northwest corner of the

[1]Reported in 211 N. W. 683.

intersection and there went against a brick building, damaging the front portion thereof to a considerable extent.

Whether there was negligence on the part of either or both of the drivers depends largely, if not entirely, upon the speed they were going. The defendant had the right of way but the testimony made a clear question for the jury as to the negligence of both drivers. There is testimony to the effect that the plaintiff's car, as it was crossing the intersection, was moving at the rate of from 4 to 15 miles per hour. There was testimony to the effect that the defendants' car, as it was approaching the intersection, was moving from 15 to 20 miles per hour or more. The testimony was in conflict as to whether the automobiles slowed up and to what extent as they approached the intersection.

The issues were so fully and fairly submitted to the jury that neither party took exception to the charge. It is not contended that either verdict is excessive. Under the evidence, the findings of the jury are conclusive. There was no reversible error committed by the inquiry made while impaneling the jury as to whether any of the jurors were interested in a certain insurance company. Granrus v. Croxton Min. Co. 102 Minn. 325, 113 N. W. 693; Heydman v. Red Wing B. Co. 112 Minn. 158, 127 N. W. 561; Uggen v. Bazille & Partridge, 127 Minn. 364, 149 N. W. 459; Archer v. Skahen, 137 Minn. 432, 163 N. W. 784. The order appealed from in each case should stand.

Affirmed.