WILLIAM A. DeHAAN v. DEGRAFF WOLFF.[1]

November 8, 1929.

No. 27,580.

[1]Reported in 227 N. W. 350.

*Bundlie & Kelley,* for appellant.

*O. A. Blanchard,* for respondent.

STONE, J.

Plaintiff had a verdict, and defendant appeals from the order denying his motion for judgment notwithstanding or a new trial.

The automobile collision here involved took place at the intersection of Palace and Finn streets in St. Paul early in the afternoon of January 9, 1929. Both streets were unpaved and Palace the more traveled of the two. There was a little snow on the ground, and a mist was falling which had a tendency to freeze as it fell, particularly on the windshield and other glass of automobiles. The afternoon is described by one witness as misty but not foggy. Plaintiff was driving south on Finn street and defendant east on Palace. There is the usual conflict of testimony. But decision against plaintiff is compelled by his own testimony and undisputed physical facts.

He insists that he was driving not to exceed 15 miles an hour and that he looked to his right "just before the sidewalk line on Palace" was reached. He denies that he saw defendant's car then or at any other time before the collision. He continued to the right of the center line of Finn, and his automobile was hit, so he says, just after it crossed the center line of Palace. It is not open to reasonable doubt that the collision occurred somewhat farther south than plaintiff admits. Defendant, unlike plaintiff, discovered the danger before the collision and turned abruptly to the right in an effort to avoid it. That seems pretty thoroughly established. But taking plaintiff at his word, the fact remains that he came onto the intersection without doing anything to avoid collision with a car approaching from

his right and so close that the two could not proceed with speed unchecked without coming together. There were no distracting circumstances. The northwest corner of the intersection, on plaintiff's right as he approached, was not a blind corner. He could see to his right on Palace street, where defendant was approaching, when he got within 20 feet of the northerly sidewalk line of the street. Plaintiff did not change his course or check his speed by applying his brakes or otherwise. It is clear that if he had exercised any reasonable precaution to avoid it there would have been no collision. So plaintiff must be held guilty of contributory negligence as matter of law.

We are not overlooking plaintiff's testimonial statement that he did look to his right and did not see defendant's car. But as was said in Chandler v. Buchanan, 173 Minn. 31, 35, 216 N. W. 254, 255, "a verdict cannot be permitted to rest upon testimony of a party having good eyesight that he did not see a moving automobile then in plain sight at a place to which his vision is specially directed" and approaching under conditions which made it his duty to observe its approach and to exercise care to avoid collision with it. He cannot escape liability simply by averring that he looked in time to discover the danger but did not discover it, when the physical facts are such as to demonstrate either that he did not look or that if he did he proceeded in reckless disregard of the danger of collision. Anderson v. G. N. Ry. Co. 147 Minn. 118, 179 N. W. 687. See also Gibbs v. Almstrom, 145 Minn. 35, 176 N. W. 173; Syck v. Duluth St. Ry. Co. 146 Minn. 118, 177 N. W. 944; Rosenau v. Peterson, 147 Minn. 95, 179 N. W. 647; Lindahl v. Morse, 148 Minn. 167, 181 N. W. 323; Anderson v. A. E. Jenney Motor Co. 150 Minn. 358, 185 N. W. 378; Haggerty v. Rain, 177 Wis. 374, 186 N. W. 1017; Peterson v. Simms, 189 Wis. 517, 208 N. W. 264.

Like Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145, this is not a case where plaintiff saw the defendant's car and misjudged its location or speed under such circumstances as to make reasonable an inference that it was due care for him to proceed as he did. Neither do the circumstances permit controlling weight to be given

plaintiff's statement that he looked for cars coming from his right and did not see that of defendant, although the latter must have been easily if not closely within the field of his vision. Therein the case differs from Kunz v. Thorp Fire-Proof Door Co. 150 Minn. 362, 185 N. W. 376. Where there is such a duty to look for and so avoid impending danger, the duty must be attentively performed. The duty to look is not satisfied by an inattentive or absent-minded glance. The mind must work with and follow the vision. To assert that one has looked without seeing is not enough when it is plain that attentive looking would have discovered the impending danger in time to escape it.

There is no occasion for determining the meaning or effect of the provision of L. 1927, p. 563, c. 412, § 18(a), that "the driver of any vehicle * * * traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder." Assuming that defendant was approaching at an unlawful speed and so had forfeited his right of way, plaintiff did not know it because he did not see defendant until the moment of impact. Plaintiff could not be relieved from the duty of care by any want of it on defendant's part of which he, plaintiff, was ignorant.

The order appealed from must be reversed with directions to enter judgment for defendant notwithstanding the verdict.

So ordered.