G. D. HENJUM v. M. W. SMITH.[1]

December 29, 1933.

No. 29,512.

[1]Reported in 252 N. W. 227.

*Snyder, Gale & Richards,* for appellant.
*Robert J. McDonald,* for respondent.

*OLSEN, Justice.*

Defendant, M. W. Smith, appeals from an order denying his alternative motion for judgment notwithstanding the verdict, or, if that be denied, then for a new trial. By the order, the trial court denied the motion for judgment and denied the motion for a new trial on condition that plaintiff consent to a reduction of the verdict to $8,000. Such consent was given and filed.

The action is one to recover damages for personal injury suffered by plaintiff in an automobile collision.

Defendant does not contend that there was not sufficient evidence to justify the jury in finding negligence on his part, or in finding that his negligence was a proximate cause of the collision. His contention is that plaintiff was also negligent and thereby contributed to cause the collision and injury.

A brief outline of relevant facts, taking the view of the evidence most favorable to plaintiff, as we are required to do on this appeal, is as follows: The accident happened at the intersection of Portland avenue and Twenty-fifth street in Minneapolis about 8:30 o'clock in the morning of November 10, 1931. The two streets are paved, the pavement was dry, and the weather clear. The brakes on plaintiff's car were in good condition. Portland avenue runs north and south, and Twenty-fifth street east and west. Plain-

tiff was driving a Ford car, coming east on Twenty-fifth street. Defendant was driving a Cadillac car, coming north on Portland avenue. He ran into the right-hand rear part of plaintiff's car when plaintiff had proceeded about three-fourths of the way across the intersection of the two streets. Plaintiff was driving about 15 miles an hour as he came towards the intersection, and slowed up to about 12 miles an hour when he entered the intersection. He did not look south on Portland avenue until just as he entered the intersection and when the front half of his car was across the sidewalk line. He first looked north and saw no cars approaching, then looked south and saw a car approaching on Portland avenue which he estimated was then about 150 feet south of the intersection. He then proceeded to cross the intersection, thinking he had time safely to do so. When he next saw defendant's car it was close to him, and he increased speed in an effort to get out of the way. Plaintiff's witness Trowbridge testified that he was driving his car north on Portland avenue, approaching this intersection at a speed of 30 to 35 miles an hour; that he saw plaintiff's car in the intersection; that plaintiff's car was in the intersection much before the witness reached it; that he slowed up to permit plaintiff to pass ahead of him; that defendant's car came up behind him and passed him, going at a greater rate of speed, just about the time he slowed up, at a point about 25 or 30 feet south of the south curb line of Twenty-fifth street; that defendant's car kept going right ahead at a speed the witness estimated at about 35 miles an hour, proceeded into the intersection, and collided with the rear of plaintiff's car as it was leaving the center of the intersection and was a little more than half way across. The jury could well find that plaintiff entered and proceeded to cross the intersection a sufficient length of time before the defendant came up to the intersection so that plaintiff had the right to cross ahead of defendant. Plaintiff had the right to rely to some extent on the fact that he was first well within the intersection and that drivers of cars thereafter coming towards the intersection could and would see him therein and would slow up or turn so as to avoid colliding with him. There were no stop or stop-and-go signs at this intersection.

The questions of defendant's negligence and of plaintiff's contributory negligence were questions of fact for the jury, and the verdict on those issues is sustained by the evidence.

To cite and apply or distinguish the numerous cases in this court on the questions of negligence and contributory negligence in relation to collisions at street intersections would serve no useful purpose. The following may be referred to: Kunz v. Thorp F. P. D. Co. 150 Minn. 362, 185 N. W. 376; Soderberg v. Taney, 152 Minn. 376, 188 N. W. 993; Armstrong v. M. A. & C. R. Ry. Co. 153 Minn. 374, 191 N. W. 47; Robertson v. Spitler, 153 Minn. 395, 190 N. W. 992; Bradley v. Minneapolis St. Ry. Co. 161 Minn. 322, 201 N. W. 606, 46 A. L. R. 993; Carlson v. Bernier, 169 Minn. 517, 211 N. W. 683.

Defendant stresses the fact that plaintiff saw only one car approaching from the south, while in fact both defendant's car and the Trowbridge car were so approaching. He may readily have failed to see that there were two cars coming. When he first looked defendant's car may have been back of the Trowbridge car and obscured by it, or it may have been passing and partly in front of the Trowbridge car so as to obscure the view of that car. When he next saw defendant's car it was close to him and between him and the Trowbridge car.

If plaintiff's and defendant's cars had reached or entered the intersection at approximately the same time, defendant would have had the right of way under the statute. But, in the circumstances shown by the evidence for the plaintiff, the jury could find, as they did, that plaintiff reached and entered the intersection a sufficient time before the defendant approached it to justify plaintiff in proceeding to cross, as he did, and that he was not negligent in so doing. The jury could find that defendant approached and entered the intersection at an excessive rate of speed, without looking or slowing up.

All errors assigned and argued are based on the claim and ground that plaintiff, on the evidence presented, was guilty of contributory negligence as a matter of law, and the further ground that the evidence is insufficient to sustain the jury in finding plaintiff not

guilty of such negligence. As we hold that the evidence does not show that plaintiff was guilty of contributory negligence as a matter of law and that the verdict of the jury finding plaintiff not guilty of contributory negligence is sustained by the evidence, we need not specify or consider the assigned errors in detail.

The order appealed from is affirmed.

