BERNICE OVERLY v. TROY LAUNDERERS & CLEANERS, INC. AND ANOTHER.[1]

February 7, 1936.

No. 30,731.

*Sexton, Mordaunt, Kennedy & Carroll,* for appellants.
*Oscar G. Haugland,* for respondent.

STONE, JUSTICE.

Action to recover for personal injuries and property damage arising out of a collision between a car owned and operated by plaintiff and a truck owned by defendant Troy Launderers & Cleaners, Inc. and operated by its employe, defendant Soper. There was

[1]Reported in 265 N. W. 268.

a verdict for plaintiff. Both defendants appeal from the judgment entered pursuant thereto.

Minnehaha Boulevard in Minneapolis runs east and west, Portland avenue north and south. Where the two intersect the boulevard is paralleled some 110 feet to the north by Fiftieth street. About midway between Minnehaha and Fiftieth street, where they are intersected by Portland, runs Minnehaha Creek, which is spanned by a concrete bridge on Portland. The center of the bridge has 1.9 feet greater elevation than the center of the intersection of Portland and Minnehaha. At each side of the bridge, set out about five feet from the Portland avenue curb lines, is a concrete balustrade 3½ feet high, 9 inches thick, and 41 feet long. Where Portland and Minnehaha intersect there is no traffic warning sign of any kind. There is a stop sign on Fiftieth street requiring all westbound traffic on that street to stop before entering the intersection of Fiftieth and Portland.

April 19, 1934, about 12:20 p. m., plaintiff, proceeding in a westerly direction on Minnehaha Boulevard, entered the intersection of Portland avenue at a speed of 15 to 25 miles per hour. Her own testimony is that she was traveling at the latter speed but slowed before entering the intersection and looked in both directions. It was a clear, sunny day. Plaintiff is a woman of 36 with no defect of vision. She testified that she did not recall having seen any car approaching the intersection on Portland. An eyewitness, a Mrs. Kelm (who happened to be driving south on Portland just north of Fiftieth) testified that she saw plaintiff turn her head and look to the north just before she entered the intersection. Mrs. Kelm estimated plaintiff's speed at 20 to 25 miles per hour and did not notice that she slowed down at any time before the collision.

While plaintiff was approaching from the east on Minnehaha, the laundry truck was coming from the north on Portland, at a speed of about 45 miles per hour. Defendant Soper testified that he saw plaintiff's car when it was 150 feet or more from the intersection, but that he then thought he would have plenty of time to get through the intersection first. When he reached the bridge plaintiff's car was directly in his path. He attempted to stop, but

his brakes failed to function. Just at that moment plaintiff saw defendant's truck, which she testified looked like "a white streak," for the first time and attempted to swerve to the south to avoid the collision. It was too late, the laundry truck crashing into the side of plaintiff's car.

The truck, approaching on plaintiff's right, would have had the right of way if its driver had been free from negligence. It is conceded that he was negligent in traveling at an excessive speed and so had forfeited the right of way. 1 Mason Minn. St. 1927, § 2720-18. In addition, there is good evidence that the brakes on the truck were not functioning. They failed entirely when Soper sought to apply them to avoid the collision.

Defendants' only contention on this appeal is that plaintiff was guilty of contributory negligence as matter of law. It could not well be refuted if plaintiff had failed to look or take precaution to avoid traffic approaching from her right. Nor could it be defeated by the mere fact of her looking if she had done so with such an ineffective glance that she failed to see what was in plain sight. Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145; Hermanson v. Switzer, 188 Minn. 455, 247 N. W. 581. Regardless of Soper's excessive speed, plaintiff was still bound to use reasonable care to avoid collision with other vehicles, especially those coming from her right. De Haan v. Wolff, 178 Minn. 426, 227 N. W. 350. Although the jury was free to and obviously did accept plaintiff's corroborated testimony that she did look to the right, that alone is not enough to absolve her from contributory negligence under the rule of De Haan v. Wolff, 178 Minn. 426, 227 N. W. 350. She must have acted as a reasonable person of ordinary prudence under the circumstances, and the jury was correctly so charged. Hence, to negative contributory negligence, there must have been some circumstance to excuse her failure to see and avoid the approaching truck. The existence of such circumstances was clearly a question for the jury.

The upper portion of the truck was painted white. Somewhat weathered, it would be much the same color as the concrete balustrades of the bridge. In evidence are photographs of the location

They show a white stucco house on the northwest corner of Portland and Fiftieth. It is easily possible that this white house was the background against which plaintiff looked at the white laundry truck. If so, the white upper portion of the truck may have been much camouflaged.

That, in broad daylight, might not be enough to excuse plaintiff's failure to see the danger because the necessity for reasonable precaution is such as to require that the search be reasonably proportioned to the difficulty of discovering any hazard in the field of view. But the neutral and camouflaging effect of the background was at least a proper circumstance for consideration by the jury. More important were the facts that the truck was coming at between 60 and 70 feet per second, and that the line of plaintiff's view was at an acute angle from the front. It could reasonably be concluded, either that she did not see the truck because of the obstruction by the bridge balustrade (the top of which was not far from the level of her eyes), or that, seeing it, she misjudged its speed. The conclusion is impossible that the issue was other than one of fact, which, of course, went to the jury under the rule that plaintiff had a right to assume that defendant Soper would exercise ordinary care for the safety not only of himself but of others.

This case is not governed by such cases as Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254, and Rosenau v. Peterson, 147 Minn. 95, 179 N. W. 647, holding that mere failure to see what is in plain sight or the existence of an obstruction preventing a clear view of traffic approaching an intersection does not relieve the driver of an automobile from the duty of exercising ordinary care. It is ruled rather by such cases as Brown v. Knutson, 179 Minn. 123, 228 N. W. 752, where, with other special circumstances, the unanticipated negligence of the defendant made the question of contributory negligence one for the jury. Like Jenson v. Glemaker, 195 Minn. 556, 561, 263 N. W. 624, 626, this is a case where the jury could well have found that defendant Soper "was more intent on speed than on safety." Plaintiff was not negligent merely because she indulged, if she did, the mistaken idea that he would be reasonably intent

on the safety of both. Primock v. Goldenberg, 161 Minn. 160, 200 N. W. 920, 37 A. L. R. 484. A slight application of brakes on the truck, if the brakes functioned properly, would have avoided collision. The driver who is too determined to assert his supposed right of way at intersections (even when his brakes are working) has been one of the worst of road pests. It is to be hoped that common courtesy, with some aid from the law, is causing his dangerous tribe to decrease.

Judgment affirmed.