# MILDRED TIMMERMAN v. CHARLES H. MARCH.[1]

March 5, 1937.

No. 31,144.

[1]Reported in 271 N. W. 697.

T. J. *Mangan* and *Lystad & Burcalow,* for appellant.

O. K. *Alger* and *Wilson & Wilson,* for respondent.

LORING, JUSTICE.

In an action for personal injuries arising out of an automobile collision the plaintiff had a verdict. The defendant has appealed from an order denying his motion for judgment or a new trial. The questions presented are: (1) Whether the evidence justifies a finding of negligence on the part of the defendant; (2) whether as a matter of law plaintiff was guilty of contributory negligence; (3) whether the court erred in denying a motion to strike certain medical testimony; (4) whether it erred in giving the jury certain instructions and refusing one requested by defendant; (5) whether the amount of the verdict indicates passion or prejudice; (6) the defendant also complains of the argument by plaintiff's counsel and of the use of a skeleton and hammock to illustrate the medical testimony.

The collision occurred about eight p. m. September 14, 1935, at the right-angle intersection of West Eighth street and Idaho avenue in the city of Morris, Minnesota. The traveled portion of these streets between curbs was 27 feet 6 inches and 28 feet 5 inches, respectively. The intersection was in the built-up residential part of the city, and the view was obstructed, within the terms of the uniform highway traffic act. It was dark; the atmosphere was clear; the lamps on both cars were lighted. Plaintiff was driving a model A Ford sedan east on Eighth street, and defendant's son was driving defendant's Buick sedan south on the avenue, so that plaintiff was approaching from defendant's right. Both cars were full of passengers (four in the Ford, six in the Buick). There were three people in the front seat of the Buick.

Under the law we must view the evidence in its aspects most favorable to the verdict. So considered, the record tends to show that plaintiff had been driving easterly on Eighth street at

about 15 miles an hour for a distance of two blocks; that as she approached Idaho avenue she reduced speed to 10 to 12 miles an hour at the cross-walk, looked to her left and saw the lights of defendant's car at a distance which she estimated to be 200 to 250 feet. She then looked to her right, and when she arrived at the curb line again looked to her left and saw defendant's car about two car lengths from the north curb line coming at a speed she estimated at 45 to 50 miles an hour. In an endeavor to avoid a collision she then applied her brakes and swung to her right and stopped after going about 8 or 10 feet; but defendant's car, as its driver swung it to the left, sideswiped plaintiff's car with its right rear fender, hub, and bumper, caught the left front of plaintiff's car and tipped it over, causing her injuries.

It is defendant's claim that the character of the damage to the cars demonstrates that this evidence is not entitled to credit. Plaintiff's car was damaged at the left front, the bumper and axle pulled forward, the fender crushed from the side. Defendant's car was damaged at the right rear as it might have been if that part of the car had swung into plaintiff's car. This sort of damage, it seems to us, might just as well have happened if plaintiff's story were true as upon defendant's theory. Plaintiff's evidence not only seems credible but is supported by the other occupants of her car, and to some extent by other testimony. Even if her car had not completely stopped before the collision, as she claims, it would not be conclusive of negligence on her part or of freedom from negligence on defendant's part. Nor would a conclusion of contributory negligence as a matter of law follow from error in her estimate of the distance at which she first discovered defendant's approach. In somewhat similar situations this court has held the question of negligence and contributory negligence to be for the jury. Pearson v. Norell, 198 Minn. 303, 269 N. W. 643; Overly v. Troy L. & C. Inc. 196 Minn. 413, 265 N. W. 268; Montague v. Loose-Wiles Biscuit Co. 194 Minn. 546, 261 N. W. 188; Guthrie v. Brown, 192 Minn. 434, 256 N. W. 898; Henjum v. Smith, 190 Minn. 378, 252 N. W. 227; Primock v. Goldenberg, 161 Minn. 160, 200 N. W. 920, 37 A. L. R.

484; 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 4167*o*; 4 *Id.*, §§ 7033-7034. Plaintiff had a right to assume that defendant's car would be driven with care, and, until she saw otherwise, that its driver would yield to her the statutory right of way.

■ Nor do we think the court erred in refusing to strike out Dr. Arneson's testimony as to plaintiff's disabilities due to injury to the pubis bone on the ground that some of his opinions relative thereto did not express reasonable certainty of future difficulties. The motion to strike was general in its terms, indefinite, and made at the close of the case long after the doctor had left the stand. It did not refer to any specific answers, but only to "possible injuries" described by the doctor. Some of the doctor's answers indicated reasonable certainty of future trouble in childbirth and limitations of motion in one of plaintiff's legs. Under such circumstances, it was not the duty of the court to go through the record and sift out and pass upon those answers to which the motion applied. The court in response to the motion indicated that if specific answers and questions were presented he would consider them, but defendant did not undertake to do that. Moreover, as pointed out by Mr. Justice Mitchell in Peterson v. C. M. & St. P. Ry. Co. 38 Minn. 511, 515, 39 N. W. 485, there is a distinction between the admissibility of opinion evidence and the reasonable certainty required to justify an award of damages for permanent injuries. Holdings to the same effect are Block v. Milwaukee St. Ry. Co. 89 Wis. 371, 61 N. W. 1101, 27 L. R. A. 365, 46 A. S. R. 849; Hallum v. Village of Omro, 122 Wis. 337, 99 N. W. 1051; Faber v. C. Reiss Coal Co. 124 Wis. 554, 102 N. W. 1049; Vilter Mfg. Co. v. Industrial Comm. 192 Wis. 362, 212 N. W. 641, 57 A. L. R. 627; Sundquist v. Madison Rys. Co. 197 Wis. 83, 221 N. W. 392.

The court charged the jury that they could award damages for only such future disability as was reasonably certain.

■ The defendant assigns error on the following portion of the court's charge:

"And then there is another section which provides and regulates the speed and determines what the speed should be under certain

conditions, and if the speed exceeds that prescribed by the statute it is presumed to be negligent, and if an accident or injury is caused by reason of greater speed than that provided by statute the violator would be responsible to the party injured." And further: "But there is no question but that in this locality where the accident happened it was in the residence portion and the driving of more than 20 miles an hour would be *prima facie* evidence of negligence."

A reading of the charge as a whole discloses that the part assigned as error was a mere introduction to the statutory law which immediately thereafter the court read to the jury. There could be no doubt from the charge as a whole that the jury must have understood that the limits of speed fixed by the statutes were only *prima facie* unreasonable. Moreover, if there was any doubt in counsel's mind on this point, he should have called it to the attention of the trial court under the rule in Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, and Dehen v. Berning, 198 Minn. 522, 270 N. W. 602.

The defendant's ninth assignment of error reads as follows:

"That the court erred in failing to give certain requested instructions to the jury."

This is altogether too general an assignment to bring any specific instructions before the court. But defendant's principal complaint seems to be that the court failed to give the following instruction which he requested:

"The court instructs the jury that the violation of a statute merely creates a rebuttable presumption of fact and does not constitute negligence or contributory negligence as a matter of law."

This request was so obviously erroneous on the law that it scarcely needs discussion. It was general in its terms as to all statutes, whether relating to speed or other requirements, and of course, insofar as it might be assumed to relate to the speed statutes, it is obvious that if the surrounding circumstances rebut the *prima facie* unreasonableness of the speed specified, there is no violation of those statutes.

■ We have carefully examined the evidence in regard to the amount of damages awarded and are convinced that the verdict of $9,750 was not excessive. There was evidence of permanent injury to the leg; the circulation to that limb was permanently impaired. The evidence of difficulties to be expected at childbirth was sufficient to justify the finding of reasonable certainty. Although the words "reasonable certainty" were not used by the plaintiff's expert witness, we take the view that the proper interpretation of the evidence of that witness justifies a finding of permanent injury to the pelvis due to the reduction in its diameter and the bony projection into the birth passage.

■ At the trial plaintiff used a skeleton partly uncovered to illustrate the expert testimony with regard to plaintiff's injuries. It is a little difficult to see how those injuries could have been clearly demonstrated to the jury in any other way. A hammock was also used to show how treatment was administered. Perhaps there was less justification for the use of the hammock than of the skeleton, but we do not see that defendant's case was prejudiced by the trial court's permitting the use of either. Nor do we find reversible error in the remarks of counsel in his closing address to the jury.

The order appealed from is affirmed.

MR. CHIEF JUSTICE GALLAGHER, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.

MR. JUSTICE STONE took no part in the consideration or decision of this case.