C. H. AND ESTELLA EVERT v. CLEMENT W. SCHEURER.[1]

May 5, 1939.

Nos. 32,062, 32,063.

[1]Reported in 285 N. W. 892.

Wilson & Blethen, for appellant.
Smith & Smith, for respondents.

STONE, JUSTICE.

Two cases, tried together, resulted in verdicts for plaintiffs. Defendant's motions for judgment notwithstanding were denied. He appeals from the judgments.

Plaintiffs are father and daughter. Their injuries arose from a daylight collision between a truck of defendant and an automobile driven by plaintiff C. H. Evert, with his daughter, Estella, a front-seat passenger. The place was the intersection at right angles of Madison avenue (trunk highway No. 14) and Third street in Man-kato. Plaintiffs were crossing the intersection on Third street, proceeding north. Defendant's truck came from the west, on plaintiffs' left. Mr. Evert stopped his car in obedience to the through highway stop sign on his right and just south of the intersection. He then went ahead, in low gear. Defendant's truck did not run into the passenger car until the latter, so the jury could have believed, had crossed the center line of Madison avenue.

The evidence upon which the jury could reasonably have charged defendant's driver with negligence need not be narrated. In the absence of contributory negligence, it was enough to sustain the verdicts.

The testimony·of plaintiffs is that as they approached the intersection they looked to the left but failed to see defendant's "red-hooded truck," which must then have been in plain sight. Thereby Mr. Evert at least brings himself perilously near to being chargeable with contributory negligence as matter of law under the rule of

Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254. Compare Pearson v. Norell, 198 Minn. 303, 269 N. W. 643.

But the record discloses such distracting circumstances within Mr. Evert's observation at the moment, with such possible effect upon his conduct, that we cannot come to that certainty of conviction necessary to enable us to hold as matter of law that his operation of his automobile was negligent.

When he started over the intersection three cars were nearing it on the opposite side. They were not in column. The first was six or eight feet east of the west curb of Third street. The second, just behind, was somewhat closer to the center. The third (driven, the jury might have considered, by one of the too numerous road nuisances who simply cannot wait for anything) pulled out as if to pass, thereby putting his car somewhat to the left, or for him the wrong side, of the center line. That is not all. Just as Mr. Evert was entering the intersection another car came in from his right along Madison avenue and turned north on Third street ahead of him, thereby checking his progress. (After the accident the Evert car was found in low gear.) The presence and possible operation of these four cars may so have increased and spread the moment's apparent hazards as, in the jury's opinion, to have reasonably explained Evert's failure to see defendant's truck. Aside from all that, the circumstance is not altogether irrelevant that the truck seems to have had ample room to pass behind the Evert car.

For the reasons indicated, contributory negligence does not appear so clearly as to enable us to overrule the decision of the jury. Both judgments must be affirmed.

So ordered.

MR. JUSTICE HILTON, incapacitated by illness, took no part.