ESTELLA AND ISIDOR MAHOWALD v. RICHARD
BECKRICH AND ANOTHER.[1]

February 20, 1942.

Nos. 32,967, 32,968.

*Murphy, Johanson & Winter* and *H. A. Irwin,* for appellants.
*Harold E. Flynn,* for respondents.

[1]Reported in 2 N. W. (2d) 569.

GALLAGHER, CHIEF JUSTICE.

Two cases, tried together, resulted in verdicts for plaintiffs. Defendants appeal from the order denying their motions for judgment or a new trial.

The automobile collision here involved occurred at about 6:30 p. m. on April 12, 1940, at the intersection of Sixth and Atwood streets in the city of Shakopee, Minnesota. Plaintiff Estella Mahowald was driving a 1938 Plymouth sedan, owned by her husband, Isidor Mahowald, in a southerly direction on Atwood street when it collided with a 1935 Plymouth sedan owned by defendant Richard Beckrich and driven by his father, the defendant Mathias Beckrich, in a westerly direction on Sixth street. There were no other occupants of either car. For convenience, we will refer to Estella Mahowald as plaintiff and to Mathias Beckrich as defendant.

Plaintiff and defendant are both residents of Shakopee, and each was familiar with the intersection in question. It is located in the settled portion of the city, and there were no obstructions to the view of either driver for some distance from the intersection. There were no stop signs on either street.

The traveled portion of Sixth street is somewhat wider than the traveled portion of Atwood street. Both are graveled and were dry on the day of the accident. There was no traffic on either street in the immediate vicinity of the intersection, and no distracting circumstances except the setting sun, which apparently interfered with defendant's vision.

Plaintiff testified that she was driving about 20 miles per hour when she approached the intersection; that when she was about six feet from it she looked to the right and to the left and did not see defendant's car approaching from the east; that she reduced her speed to about 15 miles per hour and proceeded into the intersection; that when she was about three feet into it she again looked to the left and saw defendant's car about 25 feet from the intersection traveling in the center of Sixth street at between 35 and 40 miles per hour. She increased the speed of her car to about 18 miles per hour and was about three-fourths of the way across

the intersection when defendant's automobile struck her car near the rear door on the left side.

Defendant testified that he turned onto Sixth street about two blocks east of the place of accident and traveled west at about 20 miles per hour. When he was 20 or 30 feet from the intersection he looked to the right and to the left and did not see any cars. He admits that the sun blinded him, and although his testimony is that he did not see plaintiff's car until just before the collision, he claims that his automobile entered the intersection first.

1. Under these circumstances, the question of defendant's negligence was clearly for the jury. If he was traveling at the speed testified to by plaintiff, he violated Mason St. 1940 Supp. § 2720-178, and such violation is *"prima facie* evidence" that he was traveling at a speed greater than was reasonable and prudent under the conditions then and there existing. Whether such speed was unreasonable and whether such violation contributed proximately to the collision were questions for the jury. Duffey v. Curtis, 193 Minn. 358, 258 N. W. 744; Hayden v. Lundgren, 175 Minn. 449, 221 N. W. 715; Hustvet v. Kuusinen, 184 Minn. 222, 238 N. W. 330. Furthermore, plaintiff had the statutory right of way, and if the facts were as claimed by her, it was defendant's duty to yield to plaintiff. Mason St. 1940 Supp. § 2720-196; Pearson v. Norell, 198 Minn. 303, 269 N. W. 643.

Defendant strenuously maintains that plaintiff was guilty of contributory negligence as a matter of law, and that her negligence caused, or at least contributed to, the collision. He bases that claim largely upon plaintiff's failure to see his automobile before entering the intersection and relies upon such cases as Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254; Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145; DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350; Hermanson v. Switzer, 188 Minn. 455, 247 N. W. 581; and Dreyer v. Otter Tail Power Co. 205 Minn. 286, 285 N. W. 707, 287 N. W. 13.

While plaintiff admits that she did not see defendant's car when she glanced to the left just before entering the intersection, she

also testified that on looking a second time, just after entering it, she saw the car about 25 feet away approaching the intersection at a speed of between 35 and 40 miles per hour. In the light of that testimony, we cannot say that plaintiff was guilty of negligence as a matter of law in proceeding across Sixth street. Timmerman v. March, 199 Minn. 376, 271 N. W. 697; Pearson v. Norell, *supra;* Montague v. Loose-Wiles Biscuit Co. 194 Minn. 546, 261 N. W. 188. She had the right to assume, until observation indicated the contrary, that anyone approaching from the east would yield the right of way to her. Pearson v. Norell, 198 Minn. 303, 305, 269 N. W. 643. In that case we distinguished a situation similar in many respects to the one here involved from those presented in Sorenson v. Sanderson and DeHaan v. Wolff, *supra,* and pointed out that if we are to have a symmetrical pattern of the law of negligence we must give some force to the statutory right of way, Mason St. 1927, § 2720-18 (Mason St. 1940 Supp. § 2720-196), and to the doctrine that one need not anticipate the negligence of another until he becomes aware of such negligence. Guthrie v. Brown, 192 Minn. 434, 436, 256 N. W. 898.

2. On cross-examination plaintiff's counsel asked defendant whether he had a driver's license at the time of the accident. Counsel for defendant objected, but the court overruled the objection, and defendant answered that he did not. This ruling is assigned as error.

An unlicensed driver is neither barred from recovering for injuries received by himself in an automobile accident nor liable as a matter of law for injuries sustained by another, because there is no causal connection between his failure to comply with the licensing statute and the accident. Armstead v. Lounsberry, 129 Minn. 34, 151 N. W. 542, L. R. A. 1915D, 628; Ruckman v. Cudahy Packing Co. 230 Iowa, 1144, 300 N. W. 320; Kurtz v. Morse Oil Co. 114 Conn. 336, 158 A. 906; Faust v. East Prairie Mill. Co. (Mo. App.) 20 S. W. (2d) 918; Lindsay v. Cecchi, 3 Boyce (Del.) 133, 80 A. 523, 35 L.R.A.(N.S.) 699; see Annotations, 87 A. L. R. 1469; 78 A. L. R. 1028; 61 A. L. R. 1190; 58 A. L. R. 532. For similar

reasons, it is held that lack of a driver's license in violation of statute is not even evidence of negligence. Dervin v. Frenier, 91 Vt. 398, 100 A. 760; Ross v. Penn. R. Co. 106 N. J. L. 536, 148 A. 741; Prichard v. Collins, 228 Ky. 635, 15 S. W. (2d) 497; Lutfy v. Lockhart, 37 Ariz. 488, 295 P. 975. The Massachusetts court has taken the view *contra* that failure to have a driver's license is some evidence of negligence. Kenyon v. Hathaway, 274 Mass. 47, 174 N. E. 463, 73 A. L. R. 156; Holland v. City of Boston, 213 Mass. 560, 100 N. E. 1009. However, this is strictly a minority rule and is opposed to what we feel to be the sounder reasoning.

Consequently, it was error to admit the testimony, but we think the error was not prejudicial. This court is cautious about ordering a new trial for errors in the admission of testimony and will not do so unless prejudice in fact appears. Rennie v. Skellett Co. 151 Minn. 63, 186 N. W. 130; Moe v. Paulson, 128 Minn. 277, 150 N. W. 914; Gibbon Farmers Elev. Co. v. Herschmann, 160 Minn. 326, 200 N. W. 293. In determining this, practical rather than theoretical considerations must govern. Rennie v. Skellett Co. *supra.* The amount of the verdicts is not challenged. There was no motion to strike and no request for an instruction that the evidence be disregarded. If this evidence was given any weight by the jury at all, it was upon the issue of defendant's negligence. The affirmative of that issue was abundantly supported by other testimony. The really close question in the case, plaintiff's contributory negligence, was so patently far afield from any conceivable effect the jury could have given to defendant's lack of a driver's license that, in our opinion, they could not have been misled to his substantial prejudice, and a new trial would only result in needless expense. *Cf.* Drager v. Seegert, 138 Minn. 6, 163 N. W. 756.

The order appealed from is affirmed.