**Carol Anne HAGEL, as Trustee for the Next of Kin of Kathleen Ann Kubes, Appellant,**

v.

**Timothy Eric SCHOENBAUER, et al., Respondents.**

No. C8–95–73.

Court of Appeals of Minnesota.

May 30, 1995.

Daniel F. Jambor, St. Paul, for appellant.

Graham N. Heikes, Minneapolis, for respondents.

Considered and decided by HARTEN, P.J., and RANDALL and HOLTAN,* JJ.

### OPINION

HARTEN, Judge.

Appellant challenges the district court's ruling that respondent was not negligent per se in driving a road grader without a class B driver's license. We affirm.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

On December 2, 1991, decedent Kathleen Ann Kubes was driving her car in the westbound lane of State Highway 19 in Scott County. The highway was covered with snow and ice. Decedent lost control of her car and skidded across the center line. At the same time, respondent Timothy Schoenbauer was clearing the east-bound lane with a road grader. The resulting collision between the road grader and the car killed decedent. At the time of the accident, Schoenbauer was working for respondent Rud Construction Company. Schoenbauer held only a class C driver's license.

On behalf of decedent's heirs, appellant trustee brought a negligence action against respondents. In a separate count of her complaint, appellant alleged that Schoenbauer's failure to hold a class B driver's license constituted negligence per se.

On December 10, 1993, a district court judge denied respondents' summary judgment motion, concluding that genuine issues of material fact existed with respect to the negligence claim. That judge also concluded that because Schoenbauer was not properly licensed to operate the road grader, he was negligent per se.

On April 27, 1994, a second judge denied appellant's motion for summary judgment, ruling that even if Schoenbauer was negligent per se, genuine issues of material fact remained with respect to causation and the defenses of assumption of the risk and comparative fault. On May 11, 1994, the first judge issued an order reversing his December 10 order to the extent that it declared that Schoenbauer's lack of the class B license was negligence per se.

The case came for trial before a third judge. That judge "denied" appellant's negligence per se claim, ruling that a class B license was not required to operate the road grader. The jury then found that neither Schoenbauer nor decedent was negligent. Appellant now challenges the district court's rulings regarding the issue of negligence per se.

## ISSUES

1. Does appellant's failure to move for a new trial bar this appeal?

2. Did Schoenbauer's failure to hold a class B license constitute negligence per se?

## ANALYSIS

██ 1. Respondents argue that appellant's failure to present the negligence per se issue to the district court in a motion for a new trial precludes appellate review. Generally, in the absence of a motion for new trial, our review of a judgment is limited to whether the evidence sustains the verdict and any conclusions of law. *Tyroll v. Private Label Chems.*, 505 N.W.2d 54, 56 (Minn.1993).

In *Sauter v. Wasemiller*, 389 N.W.2d 200 (Minn.1986), the supreme court reaffirmed the general rule that

> matters such as trial procedure, evidentiary rulings and jury instructions are subject to appellate review only if there has been a motion for a new trial in which such matters have been assigned as error.

*Id.* at 201. The court explained that the rationale for the rule was to eliminate the need for appellate review in some cases by allowing the district court to make a more considered decision and perhaps correct its own mistakes.

Under *Sauter*, then, the scope of review in the present case depends on whether this appeal involves a matter of trial procedure. *See Tyroll*, 505 N.W.2d at 57 (issue of right to jury trial did not need to be raised in posttrial motion because it was not a matter of trial procedure).

Respondents contend that appellant is really challenging the district court's decision at trial to exclude evidence of Schoenbauer's failure to hold a class B license. Such an evidentiary challenge would require a motion for new trial.

Appellant's challenge, however, is more in the nature of an appeal from an adverse judgment on her negligence per se claim. Appellant alleged actual negligence and negligence per se in separate counts of her complaint. *See Kronzer v. First Nat'l Bank*, 305 Minn. 415, 428, 235 N.W.2d 187, 195 (1975) (actual negligence and negligence per

se treated as separate claims). The district court first denied respondents' summary judgment motion because it concluded that Schoenbauer was negligent per se; the district court's subsequent reversal of that order and the denial of the negligence per se claim at trial effectively removed the issue from the case. We note that appellant does not request a new trial on appeal; rather, she asks that this court order judgment in her favor on the negligence per se claim. *Cf. Graham Inv. Co. v. Grouse*, 369 N.W.2d 342, 343 (Minn.App.1985) ("The appellate court cannot review the propriety of a new trial when such relief was not first sought at the trial level.").

Finally, the rationale for the general rule requiring a motion for new trial, as enunciated in *Sauter*, does not apply in this case. The district court addressed the negligence per se issue on a pretrial basis at least three times. At trial, the district court took the issue under advisement for one day to study it before rendering a decision. Under these unique circumstances, we conclude that the negligence per se issue was not a matter of trial procedure and it is properly before us.

 2. Appellant argues that Schoenbauer's operation of the road grader without a class B driver's license violated Minnesota's licensing statute and that such violation constituted negligence per se.

> It is well-settled that breach of a statute gives rise to negligence per se if the persons harmed by that violation are within the intended protection of the statute and the harm suffered is of the type the legislation was intended to prevent.

*Pacific Indem. Co. v. Thompson–Yaeger, Inc.*, 260 N.W.2d 548, 558 (Minn.1977).

In opposing this argument, respondents rely on *Mahowald v. Beckrich*, 212 Minn. 78, 2 N.W.2d 569 (1942), in which the supreme court concluded that failure to hold the proper driver's license does not constitute negligence per se. The supreme court held that

> [a]n unlicensed driver is neither barred from recovering for injuries received by himself in an automobile accident nor liable as a matter of law for injuries sustained by another, because there is no causal connec-

tion between his failure to comply with the licensing statute and the accident. For similar reasons it is held that lack of a driver's license in violation of statute is not even evidence of negligence. The Massachusetts court has taken the view contra that failure to have a driver's license is some evidence of negligence. However, this is strictly a minority rule and is opposed to what we feel to be the sounder reasoning.

*Id.* at 81–82, 2 N.W.2d at 572 (citations omitted). In *Knutson v. Nielsen*, 256 Minn. 506, 99 N.W.2d 215 (1959), the supreme court reiterated this view in upholding a trial court's exclusion of evidence of a driver's failure to hold the proper license:

> Under our decisions, which have adopted the majority view, whether [the driver] was driving with a driver's license or an instruction permit, or with no license at all, is not material.

*Id.* at 519, 99 N.W.2d at 223.

Appellant relies on this court's opinion in *In re Welfare of J.G.B.*, 473 N.W.2d 342 (Minn.App.1991), in which we upheld a juvenile adjudication for criminal vehicular homicide. In holding that the evidence of the juvenile's negligence was legally sufficient, we noted that the juvenile was not properly licensed and that "[v]iolation of a statute is negligence per se." *Id.* at 345. We also emphasized that the juvenile had crossed the center line and stated that such evidence alone was sufficient to establish negligence. *Id.*

Appellant asserts that *J.G.B.* should govern this apparent conflict of authority. Appellant notes that *Mahowald* and *Knutson* were decided many years ago, and she argues that intervening changes in the licensing statutes (such as adding the road testing requirement) reflect legislative intent that drivers possess a minimum competence with the vehicles they drive. In appellant's view, this new emphasis on competence was intended for the protection of other drivers; consequently, violation of the licensing statutes should now constitute negligence per se.

We disagree with appellant's assertion that the holding of *Mahowald* is stale. As recent-

ly as 1982, the supreme court cited the holdings of *Mahowald* and *Knutson* with approval and reaffirmed the rule that "it is irrelevant to the issue of negligence whether or not a claimant or a defendant had a valid driver's license." *Jones v. Fleischhacker*, 325 N.W.2d 633, 639 (Minn.1982); *see also Kronzer*, 305 Minn. at 427, 235 N.W.2d at 194–95 (1975) (citing *Mahowald* and *Knutson* with approval in determining whether violation of a statute prohibiting the unauthorized practice of law constituted negligence per se). The supreme court has not done anything to suggest or imply that *Mahowald* is no longer good law. Moreover, since our discussion of negligence per se in *J.G.B.* was not vital to the holding in that case, we confine *J.G.B.* to its particular facts. We follow *Mahowald* and hold that the failure to have a proper driver's license is not negligence per se. Accordingly, we affirm the district court's rulings on appellant's negligence per se claim.[1]

## DECISION

The district court properly excluded evidence of Schoenbauer's failure to hold a class B license in operating the road grader because failure to hold a proper license does not constitute negligence per se and is irrelevant to the issue of actual negligence.

**Affirmed.**

---

1. In light of this holding, we need not consider whether Schoenbauer needed a class B license to operate the road grader.