INTERNATIONAL BOOM COMPANY and Another v. RAINY LAKE RIVER
BOOM CORPORATION.[1]

May 1, 1908.

Nos. 15,449—(228).

**Law of the Case.**

> Upon a former appeal of this case it was *held* that there was evidence which required the case to be submitted to the jury and a new trial was granted. Upon a new trial the evidence was substantially the same, but the trial court directed a verdict for the plaintiffs. It is *held* that the decision on the former appeal is the law of the case, and the order is therefore reversed, and a new trial granted.

From an order of the district court for Beltrami county, Spooner, J., denying its motion that the directed verdict in favor of plaintiffs be set aside and for a new trial, defendant appealed. The facts are stated in the opinion. Reversed and new trial granted.

*H. Steenerson* and *Charles Loring,* for appellant.

*A. Y. Merrill* and *C. J. Rockwood,* for respondents.

ELLIOTT, J.

The character of this action fully appears in the opinion filed on a former appeal and reported in 97 Minn. 513, 107 N. W. 735. It will not be necessary to repeat what was there said. The action was in claim and delivery for the possession of certain logs, which the defendant claimed the right to hold until it was paid certain fees, which it claimed under and by virtue of chapter 221, p. 350, Laws 1889. The case was tried before a court and jury, and a verdict directed in favor of the plaintiffs for the possession of the logs. On appeal to this court the order of the trial court denying a new trial was reversed, and a new trial granted, because the evidence tended to show that the services for which the defendant claimed compensation had been rendered under and pursuant to an implied contract, under which the defendant collected, sorted, and handled the plaintiffs' logs. After the case was sent back, it was retried and the trial court again directed a verdict

[1] Reported in 116 N. W. 221.

for the plaintiffs; and it comes again to this court on an appeal from an order denying the defendant's motion for a new trial.

The case should have been submitted to the jury under instructions in accordance with the decision of this court. The evidence on the second trial was substantially the same as on the first trial, and the decision on the former appeal is the law of the case. As far as we have been able to discover, every fact upon which the decision of this court rested was shown on the second trial, and nothing additional appeared which is of any particular importance on the question of whether or not there was a contract between the parties under which the services were rendered. The trial court should have accepted the opinion as the law of the case and submitted the case to the jury.

The order is therefore reversed, and a new trial granted.