## CYRUS WEBBER v. J. A. AXTELL and Others.[1]

January 28, 1910.

Nos. 16,403—(174).

**Former Decision Adhered To.**
> The facts presented by the record being substantially identical with those before the court on a former appeal (94 Minn. 375), the former decision is adhered to as the law of the case.

[1] Reported in 124 N. W. 453.

[Note] As to conclusiveness of prior decisions on subsequent appeals, see note in 34 L.R.A. 321. .

**Directed Verdict Proper.**
> There being no conflict in the evidence, questions of law only were presented, and the trial court properly directed a verdict for plaintiff.

Action in the district court for Martin county to quiet plaintiff's title to certain land and to recover the possession thereof. The case was tried before Quinn, J., who directed a verdict in favor of plaintiff. From the judgment entered pursuant to the verdict, defendants James First and Lothar Harms appealed. Affirmed.

*Albert R. Allen,* for appellants.

*Knox & Faber,* for respondent.

BROWN, J.

This action was before us on a former appeal, and is reported in 94 Minn. 375, 102 N. W. 915, 6 L. R. A. (N. S.) 194, where the facts are fully stated. After the cause was remanded, defendant applied for and obtained a second trial. The former trial was had before the court without a jury, and came here for review upon the findings of fact and conclusions of law. The second trial was before a jury, and at the conclusion of the trial a verdict was directed for plaintiff. Judgment was subsequently entered, and defendant appealed.

The questions raised on this appeal, with the exception of the one presently to be mentioned, are identical with those presented on the former appeal, where they were fully considered and disposed of adversely to defendant's contention. The only difference between the present and the former record is that in the one now before us there appears no controversy in the evidence that from 1865 down to the commencement of the action plaintiff's land has at all times at the ordinary stage of water in Fox Lake been connected by a bar of dry land with the island in question. On the former trial the evidence on this subject was conflicting, whereas on the second trial defendant offered no evidence upon the subject, contenting himself with the objection that the evidence tending to show the fact was incompetent, for the reason that the plat of the government survey and the patent subsequently issued to defendant's predecessor in title were conclusive that the island did not form a part of the mainland, and did not,

therefore, pass to plaintiff upon the issuance of his patent. That same objection was raised on the former appeal, and was not sustained. There is additional evidence in the present record on the subject of estoppel, but to the extent only of further corroborating defendant's contention in that respect.

Taken as a whole, the record presents substantially the same questions; and the former decision becomes the law of the case. We adhere to it, and find it is unnecessary to enter into further discussion of the subject. Upon the undisputed facts now before the court, there can be no serious question of the correctness of the former conclusion.

The only new question presented on this appeal is whether the trial court should have submitted the case to the jury. A verdict was directed for plaintiff. A careful consideration of the evidence leads to the conclusion that the trial court did not err in so directing the jury. There is no conflict in the evidence, either upon the question of the existence of the bar connecting the island with plaintiff's land, or in respect to the alleged estoppel, and the trial court properly treated it as presenting questions of law only. Had the cause been submitted to the jury, and a verdict been returned for defendant, the trial court would have been required, under the former decision, to set it aside or direct a judgment notwithstanding the same. Such being the case, a verdict was properly directed. Dunnell, Pr. 855.

Judgment affirmed.

Lewis, J.

I concur in the decision to affirm, upon the ground that the evidence in the present case conclusively shows that from 1865 down to the time of the second survey the west sand bar, at least, was exposed at the ordinary stage of water, thus connecting the so-called island with the mainland. If such was the case, then Mr. Webber did not acquire title to the island by reason of any contingent interest in relictions and accretions, but because it was connected with and a part of the mainland, upon which he filed in 1865 and to which he received patent in 1873.