# INTERNATIONAL BOOM COMPANY and Another v. RAINY LAKE RIVER BOOM CORPORATION.[1]

August 5, 1910.

Nos. 16,665—(217).

**Decision on former appeal controlling.**

> *Held,* that the decision on a former appeal of this case [97 Minn. 513, 107 N. W. 735] is the law of the case, the evidence relevant to the principal issue being substantially the same as on this appeal, and, further, that the trial court did not err in its rulings on the admission of evidence, nor in refusing to give requested instructions to the jury, nor in the instructions given.

Action in the district court for Beltrami county by the International Boom Company and Namakan Lumber Company to recover possession of certain saw logs or for $15,000, the value thereof, and $3,000 damages for the detention thereof. The former appeals in this action are reported in 97 Minn. 513, 107 N. W. 735, and 104 Minn. 152, 116 N. W. 221. The case was tried before Wright, J., and a jury which found defendant entitled to a return of the property or the sum of $6,854. From an order denying plaintiffs' motion for judgment in their favor notwithstanding the verdict, or for a new trial, they appealed. Affirmed.

[1] Reported in 127 N. W. 382.

---

[Note] Conclusiveness of prior decisions on subsequent appeals, see note in 34 L.R.A. 321.

*C. J. Rockwood, Marshall A. Spooner* and *Ransom J. Powell,* for appellants.

*H. Steenerson, Charles Loring,* and *Dodge & Tautges,* for respondent.

START, C. J.

This is an action of claim and delivery of certain logs, and was commenced October, 1904, in the district court of the county of Beltrami. It was conceded by the pleadings that the general property in the logs was in the plaintiffs, but the defendant's claim was that it had a lien on the logs for sorting, storing, and handling them for the plaintiffs. The reply put in issue the allegations of the answer constituting the defendant's alleged claim. The issue was submitted to the jury, and a verdict returned for the defendant, fixing the value of its interest in the logs at $6,854. The plaintiffs appealed from an order denying their motion for judgment or a new trial. They here assign sixty-five alleged errors, which raise the questions whether the trial court erred in denying their motion for a directed verdict, for the reason that there was no evidence to sustain a verdict for the defendant, whether it erred in its rulings as to the admission of evidence, and whether it erred in refusing to give, and in giving, certain instructions.

This is the third appeal in this case, and it is claimed by the defendant on this appeal that the decision of this court on the first appeals is here decisive in its favor of the question whether the plaintiffs were entitled to an instructed verdict. This is earnestly controverted by counsel for the plaintiffs, for the reason that the evidence relevant to the question was materially different on the first and second trials of the case than it was on the last one. We have carefully examined the record on each appeal, in order to determine the question.

The decision of the court on the first appeal is reported in 97 Minn. 513, 107 N. W. 735, to which reference is here made for a fuller statement of the facts. The result of the first trial was a directed verdict for the plaintiffs, and the defendant appealed from an order denying its motion for a new trial. In the brief of the plaintiffs on that appeal, stress was laid upon the fact that a written notice was

served on the defendant May 31, 1904, by the plaintiffs, to the effect that they would not thereafter pay the defendant, or any one else, for sorting or handling any of their logs which might pass through the defendant's boom, as conclusive that there was no contract as claimed by the defendant. This claim was expressly considered by the court on the first appeal, and, after referring to and discussing in its opinion the effect of the notice of March 31, the court expressly held upon all the evidence that the question whether the services rendered by sorting, storing, and handling plaintiffs' logs were performed pursuant to a contract with the plaintiffs was at least a question for the jury, "though it occurs to us that the evidence conclusively shows an implied contract." The order appealed from was reversed, and a new trial granted.

Thereupon the plaintiffs made a petition for a rehearing, in which the claim, with others, was asserted that there was in the record no evidence whatever to support a contract of any kind on their part. The petition was denied, and the case remanded and tried a second time, with the result that the trial court again directed a verdict for the plaintiffs, and again the defendant appealed from an order denying its motion for a new trial. This court, on the hearing of the second appeal (104 Minn. 152, 116 N. W. 221), reversed the order of the trial court and granted a new trial on the ground that the evidence on the second trial was substantially the same as it was on the first trial, and that the decision of the court on the first appeal was the law of the case.

On the hearing of the second appeal it was urged by counsel for the plaintiffs that the evidence on the second appeal was materially different than it was on the first appeal, and, specially, that there was no evidence of an implied contract to pay for the defendant's services, for the reason that "a contract by implication cannot exist in the face of express declaration to the contrary." The court, however, held that the former decision was the law of the case, and again the plaintiffs filed a petition for a reargument, but the decision was adhered to.

The plaintiffs contend that the decision on the former appeals is not the law of the case on this appeal, because the evidence on the last trial was materially different than it was on the former trials, in that

it conclusively appears from the record on this appeal that there was no contract of any kind between them—nothing but open hostilities between them with reference to payment for the services of the defendant in sorting, storing, and handling the plaintiffs' logs. That there was no express contract is conceded. The defendant's manager testified that it had no contract with the plaintiffs or with any other companies with reference to caring for their logs; but it is clear from his whole testimony on the subject that he had reference to express contracts.

It must also be conceded that there were business hostilities between the parties, and that the plaintiffs did not intend to pay the defendant anything for the use of its boom and sorting works, or for its service in caring for their logs. The plaintiffs' written notice of May 31, that they would not pay the defendant or any one else for such use and services was so specific, clear, and hostile that no subsequent assertions to the same effect could make it stronger. Nevertheless the plaintiffs' logs continued to come into the defendant's boom, the necessary services for their protection were rendered by it, and they were redelivered and accepted by the plaintiffs at the foot of the sorting works.

Actions sometimes speak louder than words, but it is not our purpose to discuss the evidence. We have considered it and the records on the former appeals with the care that the importance of the case demands, and have reached the conclusion that, while there is in the record on this appeal cumulative evidence of controversy and business hostility between the parties, yet the material evidence as to the obligation of the plaintiffs to pay the defendant for its services and the use of its sorting works was substantially the same on the last trial as on the first one, and that the decision on the first appeal is the law of the case. It follows that the trial court did not err in refusing to direct a verdict for the plaintiffs, nor in denying their motion for judgment notwithstanding the verdict.

Only one alleged error of the court in its rulings on the admission of evidence is here urged. The defendant called a witness, and he was permitted, over the plaintiffs' objection as to his competency, to express an opinion as to what would be a reasonable charge for

booming and sorting logs through the defendant's works. The question of the competency of a witness to give opinion evidence rests largely in the discretion of the trial judge. Meyers v. McAllister, 94 Minn. 510, 103 N. W. 564. The trial judge did not abuse his discretion in holding the witness competent.

Several errors are urged as to the charge of the court, and as to his refusal to give certain specific requests. We have examined them with reference to the evidence, the law of the case, and the charge as given, and find that no reversible errors were made in the premises.

Order affirmed.