# GERTRUDE O'CONNOR v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 24, 1913.

Nos. 17,859—(162).

**Former decision followed.**

The former decision upon an appeal from an order denying a motion for judgment notwithstanding the verdict or for a new trial is the law of the case upon an appeal on the same record from a judgment entered since the former appeal. [Reporter.]

**Carrier — limitation of liability.**

A carrier, by a fair, open, just and reasonable agreement may limit the

1 Reported in 139 N. W. 618.

amount recoverable by a shipper in case of loss or damage to an agreed value, made for the purpose of obtaining the lower of two or more rates of charges proportioned to the amount of the risk. [Reporter.]

**Remedy governed by Federal law.**

Adams Express Co. v. Croninger, 226 U. S. 491, 57 L. ed. —, and subsequent cases hold that, when such a contract is made out, its enforceability is determined not by the local law but by Federal law. A provision of a state constitution or statute making such contracts void, or a decision of a state court that they are against public policy, is not controlling. [Reporter.]

After the former appeal reported in 118 Minn. 223, 136 N. W. 743, judgment was entered in favor of plaintiff in the district court for Ramsey county. From the judgment entered, defendant appealed. Affirmed.

*W. L. Clift,* for appellant

*James Mattimore* and *T. P. McNamara,* for respondent.

PER CURIAM.

This case was before this court at the last term on appeal from an order denying an alternative motion for judgment notwithstanding the verdict, or for a new trial. O'Connor v. Great Northern Ry. Co. 118 Minn. 223, 136 N. W. 743. The decision there made recognized the rule that a contract fairly made, fixing a value upon goods shipped at less than the true value, for the purpose of obtaining a lower freight rate and limiting the recovery in case of loss to the amount so fixed, is valid and binding. It was held, however, that under the evidence disclosed the question whether such a contract was fairly made was one of fact, and that the finding of the jury that no such contract was in fact made was sustained. The case is before us now on the same record on appeal from the judgment since entered. The former decision is the law of the case, and is controlling here.

It is urged that the decision of the United States Supreme Court in Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. ed. —, Chicago, B. & Q. Ry. v. Miller, 226 U. S. 513, 33 Sup. Ct. 155, 57 L. ed. —, and Chicago, St. P. M. & O. Ry. Co. v. Latta,

226 U. S. 519, 33 Sup. Ct. 155, 57 L. ed. —, just decided, make the alleged contract in this case a binding contract as a matter of law.

We do not so understand these decisions. The existence of such a contract was not in controversy in any of these cases. These decisions do not decide that the transactions here disclosed make, as a matter of law, an unimpeachable contract. What they hold is that, when such a contract is made out, its enforceability is determined, not by the local law of the state, but by Federal law, so that a provision of a state constitution or statute making such contracts void, or the decision of a state court that such contracts are against public policy, is not controlling. In Adams Express Co. v. Croninger, supra, Justice Lurton states the common-law rule adopted by the Federal Supreme Court as follows:

"It has therefore become an established rule of the common law as declared by this court in many cases, that such a carrier may by a fair, open, just and reasonable agreement limit the amount recoverable by a shipper in case of loss or damage to an agreed value made for the purpose of obtaining the lower of two or more rates of charges proportioned to the amount of the risk."

In speaking of the effect of the acts of Congress, the court further says:

"The statutory liability, aside from the responsibility for the default of a connecting carrier in the route, is not beyond the liability imposed by the common law, as that body of law applicable to carriers has been interpreted by this court, as well as many of the states."

We conceive that the effect of these decisions is simply to make the common-law rule, as it is above declared, the uniform rule throughout the United States. This rule has been recognized in this state for many years. Alair v. Northern P. Ry. Co. 53 Minn. 160, 54 N. W. 1072, 19 L.R.A. 764, 39 Am. St. 588, brief. The decision

on the former appeal is merely an application of the rule to the facts of this case.

Judgment affirmed.