# HILMA MAKI v. ST. LUKE'S HOSPITAL ASSOCIATION.[1]

June 5, 1914.

Nos. 18,564—(107).

**New trial on ground of inadequate damages — settlement of action.**

> Where the plaintiff in an action to recover damages for personal injuries moves for and obtains a new trial on the ground that the damages awarded were inadequate, and the order granting it is reversed on appeal upon the ground and for the reason that plaintiff has no cause of action on the merits, the decision so rendered becomes the law of the case, and will be applied on a subsequent appeal by defendant from the judgment rendered upon the verdict, reinstated by the reversal of the order granting a new trial, as final and conclusive upon the rights of the parties.

After the decision upon the former appeal reported in 122 Minn. 444, 142 N. W. 705, judgment was entered as directed by this court. From the judgment, defendant appealed. Reversed.

*Baldwin, Baldwin & Holmes,* for appellant.

*O. J. Larson, M. E. Louisell* and *Neil E. Beaton,* for respondent.

BROWN, C. J.

This action was brought to recover for personal injuries. Plaintiff had a verdict, and defendant moved the court for judgment notwithstanding the verdict which was denied. Thereafter plaintiff moved for a new trial on the ground that the damages awarded by the jury were inadequate. The motion was granted and defendant appealed. It was held on that appeal that plaintiff was not entitled to recover; that the defense interposed by defendant that plaintiff's cause of action, prior to the commencement of the action, had been compromised and settled, and a release and satisfaction thereof executed and delivered to defendant, was conclusively established by the evidence, and the order granting a new trial was reversed with directions to the court below to enter judgment on the verdict. Maki

[1] Reported in 147 N. W. 668.

v. St. Luke's Hospital Assn. 122 Minn. 444, 142 N. W. 705. Judgment was so entered and defendant appealed, urging in support of the same that the trial court erred in denying its motion for judgment notwithstanding the verdict.

We have no alternative but to reverse the judgment.

The decision on the former appeal, to the effect that plaintiff's cause of action had been settled and released, is the law of the case and must be here applied. International Boom Co. v. Rainy Lake River Boom Corp. 104 Minn. 152, 116 N. W. 221; Webber v. Axtell, 110 Minn. 52, 124 N. W. 453; O'Connor v. Great Northern Ry. Co. 120 Minn. 359, 139 N. W. 618. The fact that, in the order on the former appeal remanding the cause, the court below was directed to enter judgment on the verdict does not change the situation. That result would have followed without the specific direction, and the entry of the judgment simply put the cause in shape for a final appeal by defendant, of which the former order of this court could not deprive him. Defendant could not appeal from the order denying its motion for judgment, and an appeal from the judgment was its only remedy. The rule of the Cruikshank case (75 Minn. 266, 77 N. W. 958) has no application to the present situation. A new trial of the cause has been denied, and the law of the case is that plaintiff cannot recover, to which effect must be given.

Judgment reversed.