## ALBIN FRANSEN v. MARTIN FALK PAPER COMPANY.[1]

January 5, 1917.

Nos. 19,993—(127).

**Negligence — collision with defendant's motor truck — verdict for defendant sustained.**

1. The evidence is sufficient to sustain the verdict.

**Trial — refusal of instructions not error.**

2. It is not error to refuse instructions which may tend to confuse the jury, or to give undue prominence to a single feature of the case.

Action in the district court for Hennepin county to recover $15,000 for personal injury received in a collision with a motor truck belonging to defendant and $700, the value of plaintiff's automobile. The amended answer alleged that plaintiff operated his automobile at a dangerous rate of speed and without regard to the rights of travelers and vehicles. The case was tried before Steele, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Larrabee, Davies & Olson,* for appellant.

*Cray & Eaton,* for respondent.

TAYLOR, C.

Plaintiff's action against defendant to recover for personal injuries resulted in a verdict for defendant, and plaintiff appealed from an order denying a new trial.

Plaintiff assigns as errors that the verdict is not justified by the evidence, and that the court erred in refusing to give two instructions to the jury requested by him.

Plaintiff, driving a jitney bus, was proceeding along one of the streets of the city of Minneapolis, and defendant's auto-truck was proceeding

[1] Reported in 160 N. W. 789.

along an intersecting street. The jitney and the truck reached the intersection of the streets at about the same time; and plaintiff, to avoid a collision, turned his machine sharply to one side so that it struck or skidded against the curbstone, overturned and caused the injuries for which he seeks to recover. Each party denies negligence on his own part and asserts that the accident resulted from the negligence of the other; and each presented evidence tending to prove his contention. The evidence is ample to sustain the verdict.

The court submitted the issues to the jury clearly and correctly, and in our opinion did not err in declining to give the instructions requested.

In his first request, plaintiff formulated the rule which applies when, after a negligent act, another adequate independent cause intervenes to which the injury may be attributed. Defendant claimed that plaintiff was driving at an excessive rate of speed as he approached the street intersection. Plaintiff claimed that the driver of the truck slowed down or stopped and signalled plaintiff to proceed, and then unexpectedly proceeded with the truck. Plaintiff insists that, if he was negligent in driving at an excessive rate of speed, the conduct of the driver of the truck constituted an independent intervening cause of the accident within the rule. So far as these matters bore upon the questions at issue, they were properly submitted to the jury, and the requested instruction would have tended to confuse rather than enlighten them.

The second request was based upon the proposition that a person suddenly placed in a position of peril requiring instant action is not chargeable with contributory negligence because he may not have adopted the safer course or may have placed himself in a position of greater peril. While the instruction as an abstract proposition of law is correct enough, it was properly refused for the reason that it omitted other elements of contributory negligence which the evidence tended to establish, and might have led the jury to disregard such other elements.

Affirmed.