# P. C. BAYERS v. GUSTAF L. BONGFELDT.[1]

January 7, 1938.

No. 31,281.

*Alphonse A. Tenner* and *Harvey O. Sargeant,* for appellant.
*Sexton, Mordaunt, Kennedy & Carroll,* for respondent.

PETERSON, JUSTICE.

Action for damages arising out of an automobile collision. Defendant counterclaimed for damages to his car. The jury found for defendant on plaintiff's action and for plaintiff on defendant's counterclaim. Plaintiff appeals from an order denying his motion for new trial.

The collision occurred about 8:45 in the morning of October 1, 1935, at the right-angle intersection of state highway No. 101 and Sixth avenue north, in Hennepin county. At the intersection, highway No. 101 runs north and south, and Sixth avenue north runs east and west. Plaintiff testified that, accompanied by his wife, he was driving north on highway No. 101, proceeding at about 25 miles an hour. When he reached a point 60 feet south of the inter-

[1]Reported in 277 N. W. 239.

section, he looked to his right, saw no cars on Sixth avenue north to the east of the intersection, shifted into intermediate, and proceeded at about ten miles an hour. His view of Sixth avenue north from the point where he looked extended some 200 feet east of the intersection. His wife testified that from this point she could see down Sixth avenue north to a "Dangerous Crossing" sign, estimated by her to be 300 feet east of the intersection. When plaintiff reached the intersection, he again looked to his right and then saw defendant's car, apparently 200 feet to the east on Sixth avenue north, which did not then appear to him to be approaching rapidly. Plaintiff shifted into high, proceeded into the intersection at about 12 miles an hour, and when he had traveled about seven feet his wife exclaimed, "Car coming." Plaintiff looked to his right and saw defendant's car 50 or 60 feet away, approaching at what seemed to be 60 miles an hour. Plaintiff increased his speed in an attempt to cross the intersection, but just as he reached the center of Sixth avenue north the cars collided. Defendant's car struck the right rear fender and wheel of plaintiff's car, which turned completely over, reversed direction, and came to rest facing south in the ditch beside highway No. 101, some 30 or 35 feet north of the intersection. Plaintiff claims that the southeast corner of the intersection was a blind one because a garage is located there. Upon the evidence, this was a disputed question of fact. Plaintiff and his wife were injured and the car was badly damaged.

Defendant's version is that, with two passengers, he was proceeding westerly on Sixth avenue north at about 45 miles an hour until he reached the "Dangerous Crossing" sign east of the intersection. Heeding the sign, he released his foot from the accelerator and his car lost speed. When he arrived at within 75 feet of the intersection, he first noticed plaintiff's car approaching from his left some 100 feet south of the intersection. Defendant judged plaintiff's speed at between 35 and 40 miles an hour, but the car seemed to be slowing up. Defendant proceeded at about 25 miles an hour until, when 50 feet east of the intersection he noticed that plaintiff, 40 feet to the south, was increasing his speed. Defendant applied his brakes, and after his car traveled a few feet it began to skid.

The car skidded on into the intersection in a straight line, and defendant, seeing a collision imminent, attempted to veer to the left, but could not miss plaintiff's car. Defendant's car was turned around by the impact so that it came to rest facing east, about ten feet west of the intersection. Defendant testified that at the time of collision he was going about 15 and plaintiff about 25 miles an hour.

The claim of plaintiff is that, as a matter of law, he was free from contributory negligence and defendant was guilty of negligence. He says that defendant must have been driving at a negligent and excessive rate of speed because of skid marks, some 35 or 37 feet in length, made on the highway, and the violence of the impact of defendant's car with plaintiff's. He charges, too, that this is evidence of inattention. Defendant, on the other hand, charges that plaintiff came into the intersection at a greater speed than stated, that he did not watch for other traffic, that he miscalculated the speed of defendant's car, and that the accident was caused solely by plaintiff's negligence. It is plain that the conclusions to be drawn from the evidence depend on the weight attached to the respective versions of the parties. In a case such as this, where conflicting inferences may be drawn from the evidence, negligence and contributory negligence of motorists involved in a collision at an intersection are fact questions for the determination of the jury. Timmerman v. March, 199 Minn. 376, 271 N. W. 697; Ernst v. Union City Mission, 199 Minn. 489, 272 N. W. 385; Pearson v. Norell, 198 Minn. 303, 269 N. W. 643; Henjum v. Smith, 190 Minn. 378, 252 N. W. 227. The evidence supports the verdict.

The order is affirmed.