CARL BEHR v. WILLIAM SCHMIDT.[1]

December 1, 1939.

No. 32,180.

[1]Reported in 288 N. W. 722.

*Meighen, Knudson & Sturtz,* for appellant.
*Elmer R. Peterson,* for respondent.

LORING, JUSTICE.

Appeal from an order of the district court of Freeborn county denying defendant's motion for a new trial, following a verdict for $230.60, directed in plaintiff's favor for property damage in an automobile collision. The question presented is whether the court was justified in directing a verdict for the plaintiff.

At about noon of September 24, 1938, plaintiff was driving his Chevrolet sedan southerly on a township road in Pickerel township in Freeborn county. Defendant, whose farm buildings were west of this road, was driving his Ford car from a field east of that road across to his own private driveway on the west side of the road. The automobiles collided. About 200 to 250 feet north of the place of collision there is a small hill on the road on which plaintiff approached. The slope to the south is gradual, and there was a clear, unobstructed view from the top of the hill to the scene of the accident. There was no culvert or bridge on the driveway from the field out of which defendant was driving. A little dirt had been scraped into the ditch to make it easier to cross. The fence along this edge of the field had no gate; the wires between two posts were down to permit passage into and out of the field. On the north side of and near to this opening in the fence were two bushy box elder trees or bushes 7 to 12 feet high.

According to defendant's own testimony, he stopped his car and shifted into low gear just east of these bushes or trees, looked and listened, and then proceeded across the ditch and up onto the gravel of the public road at seven to ten miles an hour before he looked again. He then saw plaintiff's car approaching from the north about 100 feet away from him at a speed of 45 to 50 miles an hour. He says he tried to stop and believed that he did stop so that his front bumper was about in the middle of the

road. His hired man who was riding with him said he did not see plaintiff's car until it was about three rods away.

Plaintiff testified that he was traveling about 35 to 40 miles an hour, that defendant's car popped out from behind the bushy box elders about 70 feet ahead of him; that he, plaintiff, tried to stop before the two cars collided but could not.

The trial court directed a verdict for plaintiff, citing § 49 of the highway traffic regulation act (3 Mason Minn. St. 1938 Supp. § 2720-199), requiring one coming from a private drive to yield the right of way to all vehicles approaching on the highway. Damages to plaintiff's car were stipulated.

Defendant claims error in not submitting questions of his negligence and of plaintiff's contributory negligence to the jury.

When the facts relative to negligence are clear and reasonable men could reach but one conclusion, a directed verdict is proper. Abbett v. C. M. & St. P. Ry. Co. 30 Minn. 482, 483, 484, 16 N. W. 266, in the language of Mr. Justice Mitchell:

"Where the facts are undisputed or conclusively proved, and there is no reasonable chance for drawing different conclusions from them, then the question, as in any other case, becomes one of law for the court. * * * While it is undoubtedly true that a court might, in its discretion, set aside a verdict as against the weight of evidence, and submit the question to another jury, in a case where it would have no right to take the question entirely away from the jury, yet we apprehend that whenever it would be the bounden duty of the court to set aside a verdict because there is no evidence to sustain it, or because it is against the evidence, it would be no error to direct a verdict or grant a nonsuit."

See also Webber v. Axtell, 110 Minn. 52, 124 N. W. 453.

In the instant case the facts are not seriously in dispute. Taking the evidence in its most favorable light to defendant, it appears that he drove onto the highway from the place where he stopped, without looking, after he passed the obstructions to his view. Evidently his attention was on the improvised crossing over the ditch. Had he looked sooner, he could have seen plaintiff's

car coming down the hill. The top of the hill is at least 200 feet north, yet defendant did not see plaintiff until he was about 100 feet away. The court was right in giving no credence whatever to defendant's *belief* that he stopped wholly on the east side of the middle of the road. At the speed he was going at the time he says he saw plaintiff, it was physically impossible for him to stop in less than a car length. The trial court was justified in regarding his *belief* as not entitled to credence.

Was there evidence of negligence on plaintiff's part sufficient to go to the jury? He did not see defendant's car until he was within 70 feet of it, when obviously it was coming up out of the ditch. Until he saw otherwise he had a right to expect reasonable care on the part of any person who might drive from the field onto the road. The box elder trees would tend to obscure defendant's car from his view for a reasonable time at least, but he might well expect defendant to stop even if he saw him drive from behind the box elders. The duty was on defendant to exercise ordinary care to ascertain that no vehicle was coming before he crossed or started to cross the road. Defendant created the hazardous situation. There is nothing in the record showing that plaintiff was not exercising ordinary care. The trial court properly directed a verdict for the plaintiff.

Affirmed.