## HAROLD BOERNER v. HARRY WIEMANN.[1]

December 29, 1939.

No. 32,208.

*O. S. Vesta,* for appellant.

*George A. McKenzie* and *Everett L. Young,* for respondent.

[1]Reported in 289 N. W. 562.

PER CURIAM.

On July 27, 1938, plaintiff was driving his automobile east on a trunk highway through the village of Arlington at a lawful speed of not exceeding 30 miles per hour. It was early on a bright, clear evening with the sun still shining. Defendant drove out of a private driveway from Timm's elevator on the south side of the street. View of the defendant was obscured from the west, from whence plaintiff was coming, by some buildings that were flush with the street and along the east side of which the private driveway was located. Consequently plaintiff could not see the defendant until he emerged onto the street. Defendant drove out on the crosswalk, where he stopped. He says that he then saw plaintiff coming from the west about 200 feet away. It does not appear how long defendant stopped, but meanwhile plaintiff was traveling toward him. Defendant testified that he then put his car in low gear and started into the street, making a right turn to the east in front of plaintiff. Although defendant claims plaintiff hit him, the physical facts and the testimony of plaintiff's witnesses demonstrate that he hit plaintiff's car right in the middle on the right side. Defendant gave his speed as five to ten miles per hour. It would have taken plaintiff about four and a fraction seconds from the time defendant first saw him to get to where the collision occurred, and it would have taken defendant about three seconds to go from where he stopped to the spot where the collision occurred, without making any allowance for time to shift the gears and get the car going.

The court directed a verdict in favor of plaintiff, had the jury assess the damages, for which they awarded $52.50. Defendant claims error in not submitting the issues of negligence and contributory negligence to the jury.

L. 1937, c. 464, § 49, 3 Mason Minn. St. 1938 Supp. § 2720-199, provides that "the driver of a vehicle entering or crossing a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway." It is apparent that defendant must have known that driving onto the highway under the circumstances would cause a collision. Ordinary common

sense should have dictated that he yield the right of way to plaintiff. This is simply a case of a driver darting out onto a highway and colliding with another car to which he owed the duty of yielding the right of way. Defendant's conduct was a violation of the statute and negligence.

There is no evidence to show that plaintiff saw the defendant until just before the cars came together and it was too late to avoid the collision. This case is like Behr v. Schmidt, 206 Minn. 378, 381, 288 N. W. 722, 723, where the facts are almost identical, in which we said on the issue of plaintiff's contributory negligence: "Until he saw otherwise he had a right to expect reasonable care on the part of any person who might drive from the field onto the road."

Reasonable minds could reach only the conclusion that the accident was caused solely by defendant's negligence.

Affirmed.