# ARTHUR M. PACKAR AND ANOTHER v. GEORGE F. BROOKS.[1]

October 17, 1941.

No. 32,769.

[1]Reported in 300 N. W. 400.

*Freeman & King,* for appellant.
*Ewing & Feidt* and *Wilson & Lehmicke,* for respondents.

JULIUS J. OLSON, JUSTICE.

Two negligence cases arising out of a collision between two motor vehicles were tried together below and resulted in a verdict for each plaintiff. From each of the judgments thereafter entered, defendant appeals. The two appeals have been similarly submitted here.

As is customary in cases of this type, each driver claims the other to be at fault. Plaintiffs are husband and wife and reside on a farm abutting on highway No. 95, which runs in a general northerly and southerly direction between Stillwater and Marine on St. Croix. East of the highway there is a private driveway from plaintiffs' farm buildings 540 feet north of their neighbor Swenson's driveway. On the day in question, Mrs. Packar was driving her husband's pickup truck from their farm home, intending to visit a near-by neighbor. Upon reaching the highway, she stopped two or three feet from the tarvia-surfaced portion thereof. At this point the private driveway is on a steep, uphill grade. She came to a full stop, set the hand brake and applied the foot brake, looked toward the south, and observed defendant's car approaching very fast, some 550 to 600 feet away. She then looked to her

right and saw no one approaching, so she proceeded across and into her own, the westerly, lane of the highway, traveling some 50 feet there when she observed defendant's car coming very fast in her lane of traffic. Momentarily before the impact she tried to avoid the impending collision by turning her truck to her left. But it was too late, and the collision followed. Defendant claims that he did not see her car until it was only 100 or 125 feet away. He thought she would stop, as she was progressing very slowly. As he came nearer and saw that she was not going to stop he swung to his left. Skid marks extending back some 78 feet indicated that he applied the brakes.

The husband's case was brought to recover damages to the truck and for medical services and other expenses incurred by him for his wife. Mrs. Packar's action was brought to recover for personal injuries by her sustained. Defendant counterclaimed for personal injuries by him suffered and for damage to his car. Neither verdict is attacked as to amount, nor is any fault found with the conduct of the trial or the instructions of the court except in one particular, namely, the giving of the emergency rule as applied to the plaintiffs. The court had already given that rule as applicable to defendant if the jury should adopt his version of the cause of the collision.

Defendant approved, and still does, the giving of that instruction as to his conduct but asserts its inapplicability when applied to Mrs. Packar's claim of what happened. He further claims that in any event the record is such as to compel the conclusion that as a matter of law plaintiff was guilty of contributory negligence and therefore he should have judgment notwithstanding.

■ Contributory negligence, like negligence, becomes a question of law only when reasonable minds functioning judicially could not arrive at different conclusions. *Cf.* Guthrie v. Brown, 192 Minn. 434, 256 N. W. 898, and Bayers v. Bongfeldt, 201 Minn. 546, 277 N. W. 239; and see generally, 4 Dunnell, Dig. & Supp. §§ 7012, 7013-7015, and cases under notes.

■ As to the cases cited and relied upon by defendant such as Behr v. Schmidt, 206 Minn. 378, 288 N. W. 722; Boerner v. Wiemann, 206 Minn. 548, 289 N. W. 562, and other similar ones, we think, as did the trial court, that they are not of material aid, since in those cases the approaching car upon the main highway was close at hand. In this case defendant's car was some two blocks away when plaintiff started across from her driveway. We think that in this situation we cannot hold as a matter of law that Mrs. Packar was negligent. Guthrie v. Brown, *supra*. Here, as in Kraus v. Saffert, 208 Minn. 220, 293 N. W. 253, the question of plaintiff's contributory negligence in proceeding into the highway when defendant's car was approaching presented a jury issue.

■ As already noted, the court instructed the jury that "if Dr. Brooks was faced with a sudden emergency, that is, [was] placed in a position where he had to act suddenly in the danger of imminent peril and he was not placed there by reason of any negligence on his part, the fact that he may have chosen what afterwards proved was not the better or best choice in the matter would not in and of itself constitute negligence." And, continued the court, "that same rule holds true as far as Mrs. Packar was concerned." As to her testimony with respect to the sudden emergency created by the appearance in her lane of traffic of the Brooks car, it seems obvious that the same rule should be applied.

On this phase, Lammers v. Carstensen, 109 Neb. 475, 191 N. W. 670, and Lein v. John Morrell & Co. 207 Iowa, 1271, 224 N. W. 576, 578, and cases cited at p. 1276, are helpful. See also 4 Dunnell, Dig. & Supp. § 7020, and cases under notes.

■ Mason St. 1940 Supp. § 2720-199, provides:

"The driver of a vehicle entering or crossing a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway."

It is said that Mrs. Packar, having seen Dr. Brooks' car "approaching" on the highway, was charged with the duty of remaining where she was until the car passed. The court, however, was

of opinion that "the word 'approaching' should be construed to mean 'in proximity to' or 'within the limit of danger,'" citing Wadsworth v. Marshall, 88 Me. 263, 34 A. 30, 32 L. R. A. 588. We think the following cases are also helpful: Weber v. Greenebaum, 270 Pa. 382, 385, 113 A. 413, 414; Lawrence v. Goodwill, 44 Cal. App. 440, 460-463, 186 P. 781, 785, 789, 790.

We agree with the view taken by the court, namely:

"Under the facts in the case at bar we believe it was for the jury to determine whether defendant's car was 'approaching,' i. e., 'in proximity to' or 'within the limit of danger' when plaintiff proceeded to cross the public highway."

Both judgments are affirmed.